92 So.2d 261 (1956)
Byron JONES, Appellant,
v.
The STATE of Florida, Appellee.
Supreme Court of Florida. En Banc.
September 28, 1956.
On Rehearing January 25, 1957.
Carl C. Durrance and C.J. Hardee, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
PER CURIAM.
The question here which merits consideration is whether a portion of the trial court's charge to the jury constitutes reversable error. In instructing the jurors with reference to their deliberation, the trial judge stated: "There wouldn't be any point in having but one of you if somebody could just say, `Well, it's this way, Boys, and you are going to go my way, or else.' When lunch time comes, we always send a Bailiff in with a bunch of hay to a fellow like that."
This would infer that such a juror would be a stubborn mule or a jackass. Such a statement is anything but judicial. However, we fail to find any reversable error therein since there is no indication as to which party such stubbornness, if any, would be directed.
Judgment below is affirmed.
DREW, C.J., TERRELL, HOBSON, ROBERTS and THORNAL, JJ., and MORROW, Associate Justice, concur.
THOMAS, J., agrees to the word "affirmance".

On Rehearing Granted
PER CURIAM.
On rehearing granted, we have concluded that the giving of the charge quoted in our former opinion denied to the appellant the fair and impartial trial guaranteed to him by Section 11 of the Declaration of Rights of our constitution, F.S.A. In this state, the verdict of the jury must be unanimous. The charge in question would, at least, create an embarrassing situation for any single juror whose honest conviction of the guilt or innocence of the accused is contrary to that of his fellow jurors and could very well deter him from asserting and arguing his views. Such an impediment to the exercise by a juror of a free and independent judgment is, in our opinion, inconsistent with the mandate of Section 11, supra.
Accordingly, we recede from our former opinion and hold that the judgment appealed from should be reversed and the cause remanded for a new trial.
Reversed and remanded.
TERRELL, C.J., HOBSON, ROBERTS and THORNAL, JJ., and MORROW, Associate Justice, concur.
THOMAS, J., dissents.