323 So.2d 28 (1975)
Walter Michael KOZAKOFF, Appellant,
v.
STATE of Florida, Appellee.
No. 75-303.
District Court of Appeal of Florida, Fourth District.
December 12, 1975.
*29 Edward M. Kay, Varon, Stahl & Kay, P.A., Hollywood, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, William L. Rogers, Asst. Atty. Gen., Miami, and Steven R. Koons, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
The trial court's informal but well-intended comments to the jury during the voir dire examination of the jury so prejudiced appellant's right to a fair trial as to warrant reversal of his felony conviction and remand of this cause for a new trial.
While we fully appreciate, and commend, the good intentions of the trial judge to give the jury preliminary instruction regarding their function and basic principles of law necessary to fulfill that function, this case is a prime example of the inherent dangers involved in the giving of any jury instruction in the very informal and unstructured manner employed here. We wish to emphasize that we find nothing wrong with giving preliminary instruction to a jury; we recognize that such instruction, when properly given, can be highly beneficial to all interests concerned. However, like any judicial communication with the jury during the course of a trial, preliminary instructions must be carefully considered and properly circumscribed. Informal instructions to the jury afford great opportunity for a chance comment either to misstate the applicable law or to leave room for possible misunderstanding by the jury. It was at least partially for this reason that the Standard Jury Instructions were developed and promulgated by our Supreme Court. We respectfully suggest that a trial judge could greatly reduce the risk of error by utilizing these approved standard instructions, at the very least, as a guideline for formulating any preliminary instructions to the jury.
Here, after the first six prospective jurors were in the jury box, the trial judge conducted an extensive voir dire examination during which he explained, primarily by example or illustration, the State's burden of proof and the meaning of reasonable doubt, the presumption of innocence attaching to the defendant, and the significance to be attached to the charging document. However, indicative of the unforseen error into which a trial judge may fall when his remarks become too informal are the following which the trial judge directed to one of the prospective jurors in the presence of the entire panel:
"Ma'am, in cases that we have here  We are in the decision-making business. We have to make decisions. Can you make a decision?
* * * * * *
"See, my problem is when I get through with the trial and when the case gets cranked up there has to be a decision *30 made down the line somewhere. There are a lot of decisions to be made, but basically I want a verdict, I want people to go back there and have them make their minds up on something." (e.s.)
Appellant contends, and we think quite properly, that these statements constituted, in effect, an Allen charge[1] (sometimes referred to as a "dynamite" charge) to the jury even before the jury indicated that they might not be able to reach a decision and that, by demanding that the jury reach a verdict, the court prejudiced appellant's right to a hung jury.
While many jurisdictions have banned the use of the Allen charge altogether because of its tendency to coerce verdicts, e.g., State v. Nicholson, 315 So.2d 639 (La. 1975); People v. Sullivan, 392 Mich. 324, 220 N.W.2d 441 (1974); State v. Martin, 297 Minn. 359, 211 N.W.2d 765 (1973); State v. Thomas, 86 Ariz. 161, 342 P.2d 197 (1959),[2] the Florida courts still adhere to the view that such a charge may be properly given, depending upon the circumstances of the particular case. State v. Bryan, 290 So.2d 482 (Fla. 1974). However, it is equally well recognized by our courts that the charge must not be calculated to coerce a jury into reaching a verdict or to lead them to believe that they must reach a verdict. State v. Bryan, supra; Jones v. State, 92 So.2d 261 (Fla. 1957); Lee v. State, 239 So.2d 136 (1st DCA Fla. 1970); Bell v. State, 311 So.2d 179 (1st DCA Fla. 1975). In other words, a defendant has the right to have a hung jury, Lee v. State, supra; Bell v. State, supra, and "nothing should be said by the trial court to the jury that would or could likely influence the decision of a single juror to abandon his conscientious belief as to the correctness of his position." Lee v. State, supra, at 139.
Reversed and remanded.
MAGER, J., and STRAWN, DAVID U., Associate Judge, concur.
NOTES
[1] The name is derived from the case of Allen v. U.S., 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), in which the United States Supreme Court approved an instruction to a deliberating jury urging the dissenting minority of the jurors to reconsider their views so as to enable the jury to reach a verdict if they could conscientiously do so.
[2] For an excellent discussion of the rationale behind abolishing the use of the Allen charge, see U.S. v. Fioravanti, 412 F.2d 407, 414 et seq. (3rd Cir.1969).