338 So.2d 40 (1976)
Glen Herbert RICHERT, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1709.
District Court of Appeal of Florida, Fourth District.
September 10, 1976.
Rehearing Denied October 26, 1976.
*41 Frank G. Whalen and Sheldon Golding, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Arthur Joel Berger, Asst. Atty. Gen., Miami, for appellee.
ALDERMAN, Judge.
Defendant appeals his conviction of unlawful delivery of a controlled substance in violation of Sections 893.03(1)(c) and 893.13(1)(c)(2), Florida Statutes (1975). Relying upon the defense of entrapment, the defendant testified, in substance, as follows:
He had been a police officer in Chicago for eleven years. About a year and a half prior to his arrest he moved to Fort Lauderdale, where he worked as a bartender. During the course of his employment a group of youthful and unruly patrons started a fight in the tavern. Defendant called the police, but before they arrived another patron assisted him in breaking up the fight and ejecting the unruly customers.
Following this incident defendant became friendly with the man who had assisted him. This man, who was known to the defendant as Dave, advised defendant that he was a police officer. In the months that followed Dave made frequent visits to the tavern. During this time Dave was in the company of another man, who the defendant later knew as A.J. Dave advised defendant that the other man was also a police officer and his partner.
Sometime prior to the date of the alleged offense, Dave approached the defendant *42 and asked him to help locate the source of hard narcotics in the area. Defendant agreed to help. In this regard, Dave gave the defendant two pills and a tinfoil package containing a type of salt substitute. He was told that A.J. and the drug users would come to the tavern later that evening. He was instructed to give the pills to A.J. and to deliver the foil package to the other individuals who would be with A.J.
Later that evening A.J. appeared at the tavern with two other persons. The three sat at the bar. A.J. approached the defendant out of the hearing of his two companions. They had a whispered conversation during which A.J. instructed defendant to give him the two white pills in view of the other two and to tell the two men that they would have to come back for the rest later. The defendant complied. Later that evening the three returned and defendant delivered the foil package to one of the men who accompanied A.J. Thereafter for the next six weeks the two men frequently returned to the tavern seeking to purchase drugs from the defendant. Their attempts were unsuccessful and defendant repeatedly advised them that he had nothing to do with drugs.
Defendant had been told by Dave that the pills and the contents of the foil package were entirely harmless. (At trial, the evidence showed that the substance in the foil package contained a minute quantity of MDC, a controlled substance. Defendant was charged and convicted of delivery of the contents of the foil package. No analysis of the two pills was made and the defendant was not charged with any offense related to the pills.)
Defendant did not know that the two men who had come to the tavern with A.J. were police officers until after he was arrested six weeks later. (From the testimony of the police officers it appears that the person known to the defendant as A.J. was a confidential informant working for the police. However the officers denied any knowledge that their confidential informant had a partner. They knew nothing about the person known to the defendant as Dave.)
Subsequent to his arrest the defendant personally searched for the person known to him as A.J. and in addition hired a private detective in an effort to locate this person. He was unsuccessful and at trial did not know the true identity of the confidential informant known to him as A.J.
This rather long recital of the substance of defendant's testimony has been necessary in order to evaluate the points raised on this appeal.
First, defendant contends that the trial court erred in failing to require the State to reveal the name of its confidential informant. Prior to trial defendant had filed a motion for further discovery alleging in substance that the confidential informant was a party to the incident leading to the arrest of the defendant, that he was present at the time of the incident leading to the arrest of the defendant, that he was present at the time of the incident and took part in the alleged conversation between the officers, the confidential informant and the defendant. Defendant further alleged that he intended to rely on the defense of entrapment as instigated by the confidential informant. No testimony was presented at the hearing on this motion; however the trial judge had the benefit of the State's answer to Demand for Discovery acknowledging that the prosecutor had material or information provided by the confidential informant. The State's answer further acknowledged "Seizure of two tablets delivered by defendant to C.I." as well as "Seizure of a tinfoil packet containing white powder substance."
The State attempts to avoid identifying its confidential informant by arguing that the delivery of the two pills was a separate transaction from the delivery of the foil package, and defendant was not charged with delivery of the two pills. The State Attorney below, in answer to the trial court's question concerning the "seizure of two tablets delivered by defendant to C.I.", stated:

*43 "Yes, sir; but he is not being charged with that transaction. It is a separate transaction where the C.I. was present in the bar. I believe it was with the C.I. There was some discussion, I believe some discussion, as to what was going to take place as far as what was going to be delivered; and some tablets were given to the C.I. He left. The officer returned later and there was a separate transaction at which time these charges arose." (Transcript of motion hearing, p. 7.)
Immediately following this representation by the State the trial court denied defendant's motion for additional discovery. The statement to the trial court was misleading because it implied that the confidential informant was not present when the officers later returned and the foil package was delivered to Officer Scotti. The testimony of Officer McCawley at trial established that the confidential informant did in fact return with the officers and was sitting there while McCawley's partner, Officer Scotti, talked with the defendant. (Trial transcript, p. 50.)
Further, after insisting that the delivery of the pills to the confidential informant was a separate transaction with which the defendant was not charged, the State during its direct examination of Officer Scotti, specifically elicited testimony concerning the conversation which took place in his presence between the defendant and the confidential informant. He also testified as to having seen the delivery of the two pills by the defendant to the confidential informant. (Trial transcript, p. 20.)
We do not believe that the two occurrences can be fairly separated. The fact that the officers left for a short while and then returned is not sufficient to make one occurrence independent of the other. What allegedly took place in the tavern that evening between the defendant, the confidential informant, and the two undercover police officers is so interrelated that it must be considered as one continuous transaction.
We recognize as a general rule that it is the State which has the privilege of non-disclosure of the identity of a confidential informant and that the burden is on the defendant to show why an exception to the rule should be allowed. Treverrow v. State, 194 So.2d 250 (Fla. 1967); State v. Anderson, 329 So.2d 424 (Fla. 3rd DCA 1976); Smith v. State, 318 So.2d 506 (Fla. 2d DCA 1975); Hawkins v. State, 312 So.2d 229 (Fla. 1st DCA 1975). We think the defendant has met this burden. Defendant's story, if believed by the jury, would have required a verdict of not guilty based upon his defense of entrapment. The confidential informer known to the defendant as A.J. was an essential and material witness to this defense. If the informant had corroborated defendant's testimony the State would have had no case. In addition the police acknowledge that A.J. was a confidential informant working for them, but denied any knowledge of the other person known to the defendant as Dave. If the defendant were able to identify and question A.J., he might also then be able to find Dave. Where, as in this case, the disclosure of an informant's identity is essential to a fair determination of a case the privilege must give way. Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965). Based upon the facts of this case we hold that the trial court erred in not requiring the State to identify its confidential informant. Defendant's conviction must be reversed and the case remanded for a new trial.
Defendant also contends that the trial court erred in not allowing the defendant to testify as to the content of conversations he had with the confidential informant. A review of the transcript reveals that the defendant was in fact allowed to testify as to conversations which took place at the time of the alleged offense. However the trial court sustained the State's objection on the basis of the hearsay rule as to a conversation which allegedly took place between the defendant and the man known as A.J. several weeks after defendant's arrest. The trial court correctly sustained the hearsay objection. In Brown v. State, 299 So.2d 37 (Fla. 4th DCA 1974) we held that the trial court erred in excluding defendant's testimony concerning conversations *44 that he allegedly had with a police informant. However in Brown the statement of the police informant was offered, not to prove the truth of the matter asserted, but rather to show defendant's state of mind and inducement of the police informant at the time of the alleged crime. In the present case the defendant's state of mind several weeks after his arrest was not relevant, and the trial court correctly sustained the State's objection to this testimony.
Defendant further contends that the trial court erred in denying his motion for judgment of acquittal. He in effect asked us to accept and apply as the law of Florida the holding in United States v. Bueno, 447 F.2d 903 (5th Cir.1971), wherein the court held that where there was no rebuttal of the defendant's testimony that the informer in the employ of the government gave the narcotic to the defendant and induced him to make the sale to a government agent, the defendant could not be convicted of possession, handling and sale of heroin. The question was:
"... whether the government has the duty of coming forward with contrary evidence when the defendant testifies to uncontradicted facts that would constitute entrapment as a matter of law, and there is no evidence to show that his testimony is untrue." (At 904.)
"If the government cannot come forward with evidence that contradicts Defendant's testimony, then he is entitled to discharge, as a matter of law." (At 906.)
We do not believe that under Florida law a defendant would be entitled to discharge as a matter of law simply because he testified without contradiction to facts that constitute entrapment. For example, in State v. Liptak, 277 So.2d 19 (Fla. 1973) the defendant had testified, without contradiction, to certain facts. The Supreme Court held that the facts presented a question for the jury and did not establish the defense of entrapment as a matter of law. The Florida courts have consistently held that the issue of entrapment is a jury question unless it is determined that the evidence is so clear and convincing that as a matter of law entrapment has been conclusively established. See Smith v. State, 320 So.2d 420 (Fla. 2d DCA 1975); State v. Rouse, 239 So.2d 79 (Fla. 4th DCA 1970); State v. Liptak, supra.
The only Florida case in which an entrapment defense was found to require a judgment of acquittal as a matter of law was Thomas v. State, 185 So.2d 745 (Fla. 3rd DCA 1966). The appellate court there held that entrapment was established as a matter of law by undisputed evidence that defendant, having been released on bail after being arrested and charged with similar violation, was induced by state beverage agents to act as an undercover agent for the purpose of ascertaining the identity of persons financing the moonshine activities of another, even though the agents had told the defendant not to engage in moonshine activities. Thomas v. State, supra, is distinguishable from the present case because in Thomas the defendant had supporting testimony from the state beverage agents which proved that the defendant was an undercover agent working for them at their urging. The testimony of the defendant below is uncorroborated. A different situation would exist if other evidence and testimony had supported the defendant's version of why he delivered the controlled substance to the undercover police officer.
We adopt and quote with approval the language of the United States Court of Appeal, Tenth Circuit, in the case of United States v. Gurule, 522 F.2d 20 (10th Cir.1975).
"The per se rule seemingly established in Bueno  and urged by appellant here  requiring a finding of entrapment when the Government fails to produce the informant-agent to rebut the defendant's testimony as to entrapment has recently come under attack. See, Judge Weis' dissent in United States v. West, supra; United States v. Jett, 491 F.2d 1078 (1st Cir.1974); United States v. Hayes, supra. In United States v. Johnson, supra, we held that even absent the rebutting testimony of the Government's informant, the jury is entitled to disbelieve the uncontradicted *45 portions of testimony of a defendant alleging entrapment. See also, Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859 (1958). We fail to see any reason why the jury should be accorded less discretion to disbelieve the defendant's uncorroborated testimony that he was supplied narcotics by the informant."
This, in our opinion, expresses the better view and conforms with the existing law of Florida. We specifically reject defendant's contention that we should adopt the per se rule seemingly established in United States v. Bueno, supra. To the contrary we specifically hold that under Florida law when the undisputed testimony of a defendant is the sole basis for an entrapment defense, entrapment is not established as a matter of law but rather is an issue for the jury to decide.
We have considered the other points raised by the defendant and find that they are without merit and do not require discussion.
Reversed and remanded for further proceedings consistent with this opinion.
MAGER, C.J., and WEAVER, SIDNEY M., Associate Judge, concur.