344 So.2d 565 (1977)
Mary Castlen BELOTE, Petitioner,
v.
STATE of Florida, Respondent.
No. 47429.
Supreme Court of Florida.
March 31, 1977.
*566 Charles R. Trulock, Jr., Orlando, for petitioner.
Robert L. Shevin, Atty. Gen., and C. Marie Bernard, Asst. Atty. Gen., for respondent.
ADKINS, Justice.
By petition for writ of certiorari, we have for review a decision of the District Court of Appeal, Fourth District, reported at 312 So.2d 267, which allegedly conflicts with Kilgore v. State, 271 So.2d 148 (Fla.2d DCA 1972); Nadell v. State, 229 So.2d 592 (Fla.3d DCA 1969); and Spencer v. State, 263 So.2d 282 (Fla.1st DCA 1972). We have jurisdiction. Article V, Section 3(b)(3), Florida Constitution.
Petitioner was charged in three separate informations with possession of more than five grams of marijuana and delivery of marijuana on January 26, 1973, possession of more than five grams of marijuana on January 27, 1973, and delivery of marijuana on January 27, 1973. The three cases were set for trial on the same day by separate order in each case. On April 9, 1973, the day set for trial, trial was rescheduled for April 10, 1973. The afternoon of April 9, in petitioner's absence, the court on its own motion consolidated all three cases for trial and mailed a notice to petitioner, which petitioner did not receive until after the trial the next day. Petitioner first learned at trial on April 10, 1973, that all three cases had been consolidated, and her timely objection thereto at trial was overruled. The trial court also denied petitioner's motion for mistrial prior to presentation of testimony on the ground that consolidation was prejudicial.
At trial petitioner introduced uncontradicted testimony that an undercover law enforcement agent initiated contact with petitioner and, representing himself to be a drug dealer, repeatedly solicited petitioner's help in obtaining marijuana. There was also testimony admitted that on one occasion the agent delivered to petitioner some pills he represented as illegal drugs. Based on this testimony, petitioner requested jury instruction on the defense of entrapment, which was denied.
Petitioner was found guilty of all the charges except delivery of marijuana on January 27, and was sentenced to a total of ten years in prison. Thereafter, petitioner's motions for new trial and to set aside adjudication of guilt were denied by the trial court. On appeal the District Court affirmed per curiam without opinion.
Petitioner raises the same two issues she raised before the District Court. First, she contends the trial court erred in consolidating all three cases for trial. Second, she argues that the trial court should have given the jury the requested instruction on entrapment. We need not reach petitioner's second point since her first point has merit.
In Kilgore v. State, supra, the defendant was charged by separate informations with second degree murder and carrying a concealed weapon. Trial was set for the same day by separate orders. On the day of trial, without a motion by either of the parties, the court consolidated the charges for trial over the defendant's objection. Finding error to a prejudicial degree, the District Court reversed and remanded for a new trial. The District Court found possible prejudice to the defendant as a result of consolidation in that he might be forced to *567 testify in his own behalf on one charge, thereby subjecting himself to cross-examination on all charges, and in that he might receive fewer peremptory challenges than in separate trials. The District Court found these to be cogent and compelling reasons inveighing against consolidation over the defendant's objection.
Respondent asserts that the District Court observed in Kilgore that the question of consolidation is a close one with wide discretion reposed in the trial court and that no compelling reasons against consolidation existed sub judice in Kilgore. Respondent also submits that the trial court did not abuse its discretion under former Fla.R.Crim.P. 3.190(k), now incorporated into Fla.R.Crim.P. 3.151, effective February 1, 1973, prior to trial sub judice. We disagree.
The facts in the instant case and in Kilgore are practically identical. The fact that Kilgore involved a murder charge is immaterial to our consideration. Petitioner was denied substantial procedural rights by consolidation over her objection on such short notice. See Meade v. State, 85 So.2d 613 (Fla. 1956), 59 A.L.R.2d 835; and Johnson v. State, 222 So.2d 191 (Fla. 1969).
Moreover, Rule 3.151(b), in effect at the time of trial sub judice, provides as follows:
"Two or more indictments or informations charging related offenses shall be consolidated for trial on a timely motion by a defendant. The procedure thereafter shall be the same as if the prosecution were under a single indictment or information. A defendant's failure to timely move for consolidation constitutes a waiver of his right to consolidation." (Emphasis supplied.)
The committee note to Rule 3.151(b) further states:
"Limits motion for consolidation to defendant and provides that defendant waives his right to consolidation by failing to file a timely motion. Under standards relating to joinder of offenses and defendants, the prosecution may avoid the necessity for consolidation by charging offenses and defendants in a single indictment or information where consolidation is permissible. ..." (Emphasis supplied.)
This is a substantial departure from former Rule 3.190(k) which provided for consolidation upon motion of the prosecution or the defense. The prosecution failed to exercise its right to charge petitioner with all related offenses in a single information under Fla.R.Crim.P. 3.150, when it had an opportunity to do so, and the trial court was prohibited by Rule 3.151(b) from consolidation on its own motion at trial the charges against petitioner without petitioner's consent. As a result, we conclude that the trial court clearly erred in consolidating petitioner's cases for trial contrary to Kilgore and Rule 3.151(b).
The decision of the District Court is quashed and the cause is remanded with instructions that the District Court reverse the judgment and sentence, then further remand same to the trial court for a new trial.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND and ROBERTS (Retired), JJ., concur.