351 So.2d 377 (1977)
Harry FLYNN, Appellant,
v.
STATE of Florida, Appellee.
Frank STORY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 76-421, 76-482.
District Court of Appeal of Florida, Fourth District.
November 1, 1977.
*378 Stuart R. Mishkin, Miami, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard P. Zaretsky, Asst. Atty. Gen., West Palm Beach, for appellee.
DAUKSCH, Judge.
Appellants appeal their conviction and sentence for delivery of cannabis. Their trial was joint and their appeals have been consolidated. In their briefs they have raised eight matters for our consideration. We shall speak to each.
The first point involves the trial court's refusal to allow a defendant's testimony as to a discussion had between him and the police informant involved in the setting up of the delivery. Apparently the informant's father is a house painter and a reserve policeman. The painter and his son came to the Defendant's residence to discuss the drug transaction. At trial the Defendants asserted the entrapment defense alleging they did what they did only to help out a troubled friend  the informant. To disallow the Defendants to testify about the conversations, as they recalled them, was to remove the heart of their defense. It matters not that the identity of the "confidential" informant was made known to the Defendants prior to trial because the error was not in disallowing the informant's testimony but in not permitting the Defendants to explain their motives and states of mind at the time of the alleged inducement. The testimony offered was not offered to prove the truth of the informant's statements but to attempt to show the state of the Defendants' minds. Brown v. State, 299 So.2d 37 (Fla. 4th DCA 1974). We reverse and remand for a new trial because of this error.
In rebuttal the State called a co-defendant who had previously pleaded guilty. His name was not furnished to the Defendants on discovery although rebuttal witnesses are not excluded from the requirements of Fla.R.Crim.P. 3.220. They must be included if they are among those "persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto." Fla.R.Crim.P. 3.220(a)(1) (i). There are various sanctions provided under Fla.R.Crim.P. 3.220(j) which the court has the discretion to impose. Or the court may impose no sanctions if it finds no *379 prejudice to the defendant on account of the non-disclosure. Richardson v. State, 246 So.2d 771 (Fla. 1971). But the court must make adequate inquiry into the circumstances surrounding the non-compliance to determine the lack of prejudice. Here the court failed to make inquiry. We reverse on that point as well and remand for retrial. See also Hardison v. State, 341 So.2d 270 (Fla. 2d DCA 1977) and Frazier v. State, 336 So.2d 435 (Fla. 1st DCA 1976). Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970). Lavigne v. State, 349 So.2d 178 (Fla. 1st DCA 1977).
The Appellants next complain of the court's refusal to direct a judgment of acquittal alleging the State failed to overcome the defense of entrapment. Richert v. State, 338 So.2d 40 (Fla. 4th DCA 1976), holds "... when the undisputed testimony of a defendant is the sole basis for an entrapment defense, entrapment is not established as a matter of law but rather is an issue for the jury to decide." The facts in Richert, supra, are stronger for the defense. We reject Appellants' contention on this point based on the evidence in this record.
The next point concerns the prosecutor's questions and comments about a defendant's not having told "officially" (other than his lawyer) of his entrapment. A possible oblique reference to a prior invocation of the privilege to refuse to vocally incriminate oneself. Royal v. State, 347 So.2d 742 (Fla. 4th DCA 1977). Prosecutors cannot do this and courts cannot allow it to be done.
The next point involves various alleged improper conduct by the prosecutor including laughing and alleged improper remarks. No trial is sterile and no lawyer can be expected to be a model, stone-faced throughout. Suffice it to say we, like the prosecutor, might have chuckled ourselves when defense counsel, after objection, changed his leading question to a doubly leading question. The remarks were not improper. Objections to them were sustained. No curative instructions were requested.
Next, the court said on voir dire of the jurors: "Guilty or not guilty, that's the question you answer." These remarks do not fall to the depths of error found in Kozakoff v. State, 323 So.2d 28 (Fla. 4th DCA 1975), so we decline the invitation to reverse on this point but note them as such to be avoided. An "Allen Charge" or any approach to it can only be made in limited circumstances. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). Certainly not on voir dire. As this trial judge was urged in Kozakoff, supra, to consider the possibility of misstatement resulting from informal instructions to the jury we must again implore a strict adherence to the requisite formality.
The next point involves remarks of the trial judge. First, during voir dire the defense attorney asked a question which the juror did not understand. While reasking the question the court interrupted and said,
"You know something. This jury is going  I'm going to submit one issue to them, a simple issue. Ladies and Gentlemen, it's whether or not the state has proven these two men or one of them or either of them did what they are charged with. Real simple. Ain't no hypothetical or no question about that. That's the issue submitted.
.....
"That's the issue of this case that's going to be submitted. That's the whole story. That's all I'm going to try. I ain't going to try no hypothetical case on cloud nine."
The issues to be submitted to a jury are rarely that simple, especially to the jury. Even rarer are the issues capable of being discerned before the trial is completed. This comment of the judge came after defense counsel was attempting to explain an affirmative defense to the juror on voir dire and might very well indicate the issue is not so simple. Because we have already reversed and remanded we need not go any further into the remaining comments of the judge during trial about which the Appellants complain. But it is noted Appellants did not object to the comments at trial and *380 we do not find them to be fundamental error requiring reversal. White v. State, 348 So.2d 368 (Fla. 3d DCA 1977)
Last, Appellants say their sentence was too severe especially since the co-defendant's was for a lesser term. They cite a death case, Slater v. State, 316 So.2d 539 (Fla. 1975), which is hardly relevant here. As Justice England mentioned in McArthur v. State, 351 So.2d 972 (Fla. 1977), opinion filed September 30, 1977, by quoting Woodson v. North Carolina, 428 U.S. 280, 305, 96 S.Ct. 2978, 2991-92, 49 L.Ed. 944, 961 (1976), "... the penalty of death is qualitatively different from a sentence of imprisonment, however long." Also, we don't review lawful sentences.
REVERSED and REMANDED.
ANSTEAD and LETTS, JJ., concur.