DAUKSCH, Judge.
This is an appeal from a judgment and sentence in a burglary and sexual battery case. We reverse and remand for a new trial.
During the trial judge’s preliminary remarks to the jury venire he said:
We are here to try a case. We are here to get a verdict in the trial of this case as to each charge. It takes a unanimous verdict from all six people that the defendant is guilty before he can be found guilty or that the Defendant is innocent before he can be found innocent as to each charge.
We don’t want a hung jury. It is possible to have a hung jury. It is conceivable you can’t reach a verdict, but we are not looking for that. We are looking for a verdict as to each charge, of guilty or innocent.
Do you all understand there is a possibility of three verdicts? Guilty, not guilty or that you can’t reach a verdict at all, at which time a mistrial will be declared and we’ll have to try the case over with another jury. That’s the possibility we have with a hung jury.
This “instruction” to the jury was unnecessary, improper and wrong. The giving of this “Allen ” charge[1] was error but we decline to reverse on this error alone because defense counsel failed to object to the judge’s statement.
For the reasons stated by Justice Alderman in Clark v. State, and State v. Bostic, 363 So.2d 331, (Fla.1978), we determine the same procedures should be followed in this type of error as there. Of course, we should hope this type of error will not occur again but we do note the same error has caused appellate concern from the same judicial circuit at least twice before. Flynn v. State, 351 So.2d 377 (Fla. 4th DCA 1977); Kozakoff v. State, 323 So.2d 28 (Fla. 4th DCA 1975).
Some other matters have come to our attention which, when coupled with the foregoing, cause us to reverse the conviction and remand the case for new trial. Firstly, it was brought out at trial that the accused made a statement to the police after his arrest. Even though demand was made by the defendant for discovery of any statements, the prosecutor failed to adequately advise the defendant of the alleged statements. Secondly, the trial judge erroneously refused to conduct a voluntariness hearing in regard to the alleged statements before he allowed their admission at trial. Before a retrial the State may reply adequately to the defendant’s demand for discovery and the court may hold a voluntariness hearing if properly requested. McDole v. State, 283 So.2d 553 (Fla.1973); Lavigne v. State, 349 So.2d 178 (Fla. 1 DCA 1977).
Next we turn to a matter of the most grave consequences and which smack of the same type of police misconduct, or worse, as was condemned by our Supreme Court in Martin v. State, 360 So.2d 396 (Fla.1978). We commend the assistant attorney general who, at oral argument here, candidly conceded the impossibility outlined below.
The court allowed introduction of some photographs of the appellant taken by *80 the police. A full inquiry into these photographs and their origin should be made first by the prosecutor and then, if necessary, by the court. It was pointed out to us that the alleged victim could not have seen the photographs she said she saw and initialed at 5:50 A. M. It is very possible perjury and subornation of perjury were committed and that cannot go uncorrected. It is probable someone gave these photographs to the witness not at 5:50 A. M. but at a later time and she then placed her initials and the “5:50 A. M.” upon them and testified she put them there at 5:50 A. M. The photographs were taken much after the time endorsed upon them. An appellate court has the right, nay, the duty, “to reject ‘inherently incredible and improbable testimony or evidence’ ”,[2] and to call for a correction of the matter.
REVERSED AND REMANDED.
ANSTEAD, J., and BASKIN, NATALIE, Associate Judge, concur.

. Allen v. United States of America, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

. Shaw v. Shaw, 334 So.2d 13 (Fla.1976).