369 So.2d 667 (1979)
Betty Ann LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1604.
District Court of Appeal of Florida, Second District.
April 11, 1979.
Jack O. Johnson, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Betty Ann Lewis was convicted and sentenced for the crime of aggravated battery. The record reveals that during an apparent social function at Ms. Lewis' home, the victim, one James Gerard, was hit over the head with a bottle by Ms. Lewis. Mr. Gerard claims that Ms. Lewis threw the object at him while he was drinking and hugging *668 and kissing Johnnie Mae Austin. The record also reflects that soon thereafter, Ms. Lewis struck him with a piece of firewood and poured gasoline or diesel fuel over him and that Ms. Lewis exclaimed, "I'm going to burn this son of a bitch up."
Over defense objection, Nathan Giles testified that he was also at Ms. Lewis' house on the day in question and observed Ms. Lewis strike one Abraham Jones, still another social guest, with a Vodka bottle a short time before the assault on Mr. Gerard.
After retiring to deliberate, the jury announced it had reached a verdict of guilty. However, when the jurors were individually polled as to the verdict, one juror who was the foreman of the jury, stated that he did not concur in the verdict he had just delivered to the court. Appellant's counsel moved for a mistrial. The court denied the motion. Instead, the court further charged the jury and, after further deliberation, they again returned a verdict of guilty as charged. Ms. Lewis was adjudicated guilty and sentenced to prison.
Ms. Lewis contests the proceedings urging error in two areas. First, she would have us reverse her conviction alleging that the trial court erred by permitting the jury to hear testimony about the earlier assault and battery allegedly made by appellant upon Mr. Jones. We disagree. Her conduct and assault on Mr. Jones occurred just minutes before the assault on Mr. Gerard. It is obvious the testimony of Mr. Giles regarding Ms. Lewis' action was admissible to show an established pattern of violent misconduct. Bryant v. State, 235 So.2d 721 (Fla. 1970). We find no error there and affirm the trial court's ruling on that point.
However, appellant's contention that the trial court erred in giving a modified "Allen charge", we believe, has merit.
The use of the "Allen charge" (sometimes referred to as a "dynamite charge") has been approved by the United States Supreme Court, Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), and more recently by the Fifth Circuit Court of Appeal, United States v. Bailey, 468 F.2d 652 (C.A. 5, 1972), and by the Florida Supreme Court in State v. Bryan, 290 So.2d 482 (Fla. 1974). The "Allen charge" is included and set out in the Supreme Court approved Florida Standard Jury Instructions in Criminal Cases, Second Edition, as Instruction 2.21.[1]
Such a charge may be properly given depending on the circumstances of the particular case but only in limited circumstances, Flynn v. State, 351 So.2d 377 (Fla. 4th DCA 1977); Kozakoff v. State, 323 So.2d 28 (Fla. 4th DCA 1975).
In the case sub judice, however, the trial court did not follow the standard jury instruction but, instead, formulated a charge of its own.[2]
Comparing the approved "Allen charge" with the improvised "Allen charge" one quickly perceives the infirmities of the tailored charge. An "Allen charge" must *669 not be calculated to coerce a jury into reaching a verdict or to lead them to believe they must reach a verdict. Kozakoff v. State, supra; Lee v. State, 239 So.2d 136 (Fla. 1st DCA 1975). When the trial court gave its modified "Allen charge", it also made reference to the fact that one member of the jury indicated the jury had less than a unanimous verdict. It is impermissible for a trial court to instruct in such a manner which tends to embarrass a single juror in holding to his honest convictions. Jones v. State, 92 So.2d 261 (Fla. 1957); Lee v. State, supra. A defendant has the right to have a hung jury, Kozakoff v. State, supra; Bell v. State, 311 So.2d 179 (Fla. 1st DCA 1975) and "[n]othing should be said by the trial court to the jury that would or could likely influence the decision of a single juror to abandon his conscientious belief as to the correctness of his position." Lee v. State, supra, at 139.
REVERSED and REMANDED for a new trial.
HOBSON, Acting C.J., and OTT, J., concur.
NOTES
[1] 2.21 Jury deadlocked. It is your duty to agree on a verdict if you can do so without violating conscientiously held convictions that are based on the evidence or lack of evidence. No juror, from mere pride of opinion hastily formed or expressed, should refuse to agree. Yet, no juror, simply for the purpose of terminating the case, should acquiesce in a conclusion that is contrary to his own conscientiously held view of the evidence. You should listen to each other's views, talk over your differences of opinion in a spirit of fairness and candor and, if possible, resolve your differences and come to a common conclusion, so that a verdict may be reached and this case may be disposed of.

You may retire to the jury room for further deliberations.
[2] The following is the instruction given by the trial court:

"... Members of the jury, one of your members made an answer which indicates that you may not have reached a unanimous verdict. For this reason, I am asking you to return to the jury room for further consideration of your verdict. When you have reached a unanimous verdict, you may return it to the court. If you are not unanimous, then you should continue your deliberations. After you return to the jury room, any member is free to change his vote on any issue submitted to you. Each juror is free to change his vote until the jury is discharged. We're going to retype that one verdict form and then we'll get all the available verdict forms to you in just a moment."