425 So.2d 219 (1983)
Patrick Brian MULLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 82-146.
District Court of Appeal of Florida, Second District.
January 19, 1983.
Elliott C. Metcalfe, Jr., Public Defender and James E. Slater, Asst. Public Defender, Sarasota, for appellant.
Jim Smith, Atty. Gen., Tallahassee and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Patrick Brian Mullin appeals from his convictions for sexual battery and kidnapping, arguing the lower court erred in excluding certain testimony and in consolidating trials on the charges. We agree that consolidation of the charges on the morning of trial was error, and we reverse.
The state charged appellant by indictment with sexual battery as proscribed by *220 section 794.011(2), Florida Statutes (1981), and by information with kidnapping as proscribed by section 787.01(1)(a)(2), Florida Statutes (1981). On the morning of trial, the court invited and granted the state's oral motion for consolidation of the trials of the offenses charged under the separate indictment and information. Appellant objected to the consolidation without notice as prejudicial.
The testimony at trial indicated that appellant stopped the ten-year old victim in a wooded area and committed the acts charged. Police apprehended appellant in the area a short time later and the victim positively identified him at that time. When arrested, appellant appeared "high" and had two tubes of glue in his possession  one spent and the other unopened. Appellant contended he was unable to remember any events which transpired from noon of the day in question when he left work after being overcome by naptha fumes, until he awoke in jail the next day. After deliberation, the jury returned guilty verdicts on both crimes.
In response to the state's motion in limine, the trial court ruled inadmissible the testimony of appellant's expert medical witness regarding the effects of inhalation of volatile hydrocarbons upon human behavior. The court further refused to admit testimony by appellant regarding his prior abuse of volatile intoxicants and his prior behavior after sniffing glue.
We agree with appellant's contention on appeal that consolidation of trials of the separately charged offenses, without notice on the morning of trial, was prejudicial and constituted reversible error. See Belote v. State, 344 So.2d 565 (Fla. 1977); Kilgore v. State, 271 So.2d 148 (Fla. 2d DCA 1973). For the two crimes charged, the defenses might well have been different. The defense of voluntary intoxication by inhalation of volatile hydrocarbons, offered by appellant, would possibly negate the specific intent necessary for kidnapping but not the general intent necessary for sexual battery. Thus, appellant's strategy of whether to testify concerning voluntary intoxication may well have been prejudiced by the untimely consolidation below.
Additionally, we note no support for the lower court's exclusion of testimony regarding appellant's condition. Appellant's expert witness, a neurologist, was qualified to testify to the medical effects of sniffing glue and other hydrocarbons upon human behavior if he knew the effects. Appellant's testimony of his prior abuse, if relevant to the above medical opinion, would also be admissible to establish a voluntary intoxication defense to the specific intent crime.
The convictions below are set aside and each case REMANDED for new trial.
HOBSON, A.C.J., and SCHOONOVER, J., concur.