490 So.2d 195 (1986)
Michael Eugene KENNEDY, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2672.
District Court of Appeal of Florida, Second District.
June 20, 1986.
*196 Elliott C. Metcalfe, Jr., Public Defender, and Regina W. Cosper, Asst. Public Defender, Sarasota, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Contrary to the provisions of Florida Rule of Criminal Procedure 3.151(b), the trial court on its own motion ordered appellant's case consolidated for trial with that of another defendant. Belote v. State, 344 So.2d 565 (Fla. 1977). However, it appears that appellant had sufficient notice of the consolidation prior to trial, and he has failed to demonstrate the necessary prejudice to require a reversal. See Zeigler v. State, 402 So.2d 365 (Fla. 1981). Moreover, the court did not abuse its discretion in refusing to grant appellant's motion to sever, which was made immediately prior to trial. See Dean v. State, 478 So.2d 38 (Fla. 1985).
Appellant also contends that during closing argument, codefendant's counsel impermissibly commented on appellant's constitutional right not to testify. At trial, Tolbert, a witness for the state, testified in regard to a conversation between appellant and codefendant, Copeland, which occurred when both of them jumped into Tolbert's car following the incident which gave rise to the instant charges. Referring to Tolbert's testimony, Copeland's attorney argued:
Mr. Tolbert told you that the only thing that Mr. Kennedy said in response to Mr. Copeland's question "Why did you shoot him?" was he just put his hands up in the *197 air, "I don't know." Was that in any way contradicted? It was not. What was Kennedy thinking at that point in time in the car? We don't know because very shortly after that he got out of the car and they parted company and we didn't hear from him anymore.
We do not believe that this portion of the closing argument was reasonably susceptible to interpretation by the jury as a comment on appellant's failure to testify. An argument that the evidence is uncontradicted is not considered to be a comment on the defendant's silence. Elam v. State, 389 So.2d 221 (Fla. 5th DCA 1980). The statement that "we didn't hear from him anymore" logically referred to appellant's silence while he was in the car and his failure to say anything else after he got out of the car. Hence, the court did not err in denying appellant's motion for mistrial.
We do find it necessary to vacate appellant's sentences for aggravated battery with a firearm and attempted robbery with a firearm. The trial judge intended to deviate from the guidelines, but a review of the record indicates that he was unaware of the applicable guideline range. Robinson v. State, 471 So.2d 671 (Fla. 2d DCA 1985). Additionally, no written statement of the reasons for departure appears in the record. State v. Jackson, 478 So.2d 1054 (Fla. 1985). At resentencing, the court should apply the three-year minimum mandatory sentence to only one of the two crimes which involved the use of a firearm because both of them arose out of one criminal episode. Palmer v. State, 438 So.2d 1 (Fla. 1983); State v. Suarez, 485 So.2d 1283 (Fla. 1986). Since the sentencing guidelines apply to this case, the court should not retain jurisdiction over the sentences under section 947.16(4), Florida Statutes (1985). Senczyszyn v. State, 467 So.2d 1044 (Fla. 2d DCA 1985).
Appellant's convictions are affirmed, but the case is remanded for resentencing.
DANAHY and CAMPBELL, JJ., concur.