512 So.2d 957 (1987)
Thomas HEDDLESON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1070.
District Court of Appeal of Florida, Fourth District.
June 17, 1987.
Rehearing and Rehearing Denied October 14, 1987.
*958 Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied October 14, 1987.
WALDEN, Judge.
Appellant, Thomas Heddleson, appeals his conviction and sentence for kidnapping and sexual battery. He raises eight issues on appeal. After carefully considering all of the issues raised, we choose to address the following three.
First, appellant asserts that the trial judge's remarks to the jury were improper and constituted reversible error. We find merit in this argument.
In the instant case, the state advised the court that the trial would take four days. When it became apparent that the trial would take longer than expected, the trial judge, over objections from appellant's counsel, made the following statements to the jury:

*959 If we come to the time that our contemplated trial time with regard to this matter is over and should I declare a mistrial because we have not completed it within that time, or should I have to declare a mistrial because one or more of you all cannot be here next week, in all likelihood this case will be at an end and it will not be retried or rescheduled, and the period of time we have thus far involved in this case will, insofar as we are all concerned, be an experience and that will be the extent of it.
There will not be a determination at that point by you all or anyone else, possibly, of the issues involved in the case.
We find that these statements constitute, in effect, an impermissible Allen charge[1] to the jury, by demanding that the jury reach a verdict, even before all of the evidence had been presented and before the jury indicated that they would not reach a verdict. See Kozakoff v. State, 323 So.2d 28 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 1184 (Fla. 1976). When addressing the jury, the trial judge should not coerce the jury into reaching a verdict nor lead the jurors to believe that a verdict must be reached. Lewis v. State, 369 So.2d 667 (Fla. 2d DCA 1979); and Kozakoff. In the instant case, the trial judge, by his remarks, coerced the jury into believing that they had to reach a verdict within the time alloted as, otherwise, the defendant would not be retried and would escape prosecution. As such, his comments were impermissible and prejudicial to the appellant, and hence, constituted reversible error. Therefore, we reverse and remand for a new trial.
Second, appellant argues that the trial court erred in denying his requested jury instruction on voluntary intoxication. We agree that such instruction should have been given, but only for the kidnapping charge.
Voluntary intoxication is a defense to a specific intent crime. Mullin v. State, 425 So.2d 219 (Fla. 2d DCA 1983); and Mellins v. State, 395 So.2d 1207 (Fla. 4th DCA 1981), pet. for rev. denied, 402 So.2d 613 (Fla. 1981). Kidnapping is a specific intent crime. Mullin. However, sexual battery is a general intent crime. Buford v. State, 492 So.2d 355 (Fla. 1986); and Mullin. Therefore, in the instant case, the trial court was correct in denying the voluntary intoxication instruction for the sexual battery charge.
As for the kidnapping charge, the appellant was entitled to an instruction on his voluntary intoxication defense, if there was some evidence to support it. See Mullins; and Pope v. State, 458 So.2d 327 (Fla. 1st DCA 1984), petition for rev. denied, 462 So.2d 1108 (Fla. 1985). In order to support such defense, it is not enough to show the use of intoxicants; but, rather, the evidence must show intoxication. Linehan v. State, 476 So.2d 1262 (Fla. 1985).
In the instant case, we find that there was some evidence introduced to support the appellant's requested jury instruction. The victim testified that during the night in question, the appellant smoked marijuana and consumed about five mixed drinks. She also testified that she asked appellant to dance at one of the bars, because he looked like he was getting drunk at the time. In addition, she admitted that she told a detective that appellant was "smashed" when he left the bar.
When there is some evidence introduced to support an instruction on the theory of a defense, it is error for the trial court to fail to give the requested jury instruction. Hudson v. State, 408 So.2d 224 (Fla. 4th DCA 1981); and Williams v. State, 395 So.2d 1236 (Fla. 4th DCA 1981). Therefore, in the instant case, the court's failure to give the requested instruction for the kidnapping charge was reversible error. Accordingly, we reverse and remand for a new trial.
Finally, the trial court erred in departing from the sentencing guidelines on the basis that the appellant was an habitual felony offender. See Whitehead v. State, 498 So.2d 863 (Fla. 1986); and Jones v. State, 502 So.2d 1375 (Fla. 4th DCA 1987).
*960 Accordingly, we reverse and remand for a new trial in accordance with this opinion.
REVERSED AND REMANDED.
HERSEY, C.J., and DELL, J., concur.
NOTES
[1] Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed.2d 528 (1896).