515 So.2d 1287 (1987)
Dean R. BOURGAULT, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-2310.
District Court of Appeal of Florida, Fourth District.
October 14, 1987.
Frank B. Kessler, Lake Worth, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
EN BANC
LETTS, Judge.
This particular codefendant, Bourgault, is currently appealing his sentence, contending, for the second time, that the trial judge improperly exceeded the guidelines. We agree and, under ordinary circumstances, would reverse and remand for resentencing within the guidelines; however, subsequent overwhelming events have made a mere remand for resentencing totally inadequate.
In the beginning, we affirmed this codefendant's conviction for sexual battery and kidnapping. See Bourgault v. State, 491 So.2d 623 (Fla. 4th DCA 1986), and remanded only for a sentencing guidelines transgression. Thereafter, in Heddleson v. State, 512 So.2d 957 (Fla. 4th DCA 1987), this court reversed the conviction of Bourgault's codefendant at the same trial for the same offenses. The same two issues on which we reversed the conviction in Heddleson were also presented in the original Bourgault appeal.
The result is manifestly unjust, unfair and confounds our search for uniformity. The errors at trial were found to be reversible as to Heddleson, but the exact same errors were affirmed as to Bourgault.
Upon learning of our Heddleson decision, Bourgault has now filed a motion in the instant appeal attempting to broaden its scope to include a reversal of his conviction and sentence which we upheld over a year ago. To accomplish this, he refers us to the Third District case of Joseph v. State, 447 So.2d 243 (Fla. 3d DCA 1983). The Joseph decision involved a scenario very much like the one before us now and, while we share the concerns voiced by Judge Hubbart in his dissent, we note that the *1288 Supreme Court denied review in 447 So.2d 888 (Fla. 1984).
Accordingly, and without further discussion, we adopt the result in Joseph based on the totality of the facts and circumstances present in the instant case and hold, as Joseph did, that if this codefendant:
without undue delay [will] move the trial court to vacate his [two] convictions under Rule 3.850 in reliance on this decision, we direct the trial court to grant [Bourgault] such relief and a new trial.
We also embrace and adopt the decision in Heddleson.
REVERSED AND REMANDED.
HERSEY, C.J., and DOWNEY, ANSTEAD, GLICKSTEIN, DELL, WALDEN, GUNTHER and STONE, JJ., concur.