517 So.2d 106 (1987)
Juan Dedios PEREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-2059.
District Court of Appeal of Florida, Third District.
December 29, 1987.
*107 Kogen & Kogen and Lauren Kogen, Coral Gables, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and BASKIN, JJ.
PER CURIAM.
Defendant, Juan Dedios Perez, appeals his conviction for trafficking in cocaine. We affirm.
Perez obtained jewelry on consignment and sold it through contacts at various Miami Beach hotels. As part of one of his transactions, he accepted a pound of cocaine as collateral for jewelry from one of his contacts. At the time, the contact was accompanied by a confidential informant. The cocaine was to be sold and the proceeds were to go to the defendant. The informant set up a deal with police to purchase the cocaine from the defendant's contact. The contact notified the defendant who arrived with the cocaine and proceeded to consummate the deal with a police detective. After the defendant received his money, he proposed another drug transaction with the detective. Immediately thereafter, Perez was arrested. At trial, the jury found him guilty as charged.
Perez contends that the trial court erred in failing to dismiss the charges on the basis of entrapment. We disagree for the following reasons.
First, a fee arrangement between police and an informant is a ground for reversal only if the informant's testimony is essential for conviction and if there is proof that the fee was contingent based on the percentage of funds obtained from the drug transaction. Dodd v. State, 475 So.2d 310 (Fla. 2d DCA 1985), review denied, 488 So.2d 829 (Fla. 1986); Yolman v. State, 473 So.2d 716 (Fla. 2d DCA), review denied, 475 So.2d 696 (Fla. 1985). The fee arrangement involved here was based on the type and quality of the case. The confidential informant in this case was paid within a few days of defendant's arrest; he did not testify at trial.
Second, entrapment results only from illegal police activity which induces a criminal act, not from the acts of private *108 citizens. State v. Perez, 438 So.2d 436 (Fla. 3d DCA 1983); Pearson v. United States, 378 F.2d 555 (5th Cir.1967). Perez did not prove that he was induced to act by the informant. Testimony showed that a third party, defendant's contact, offered the cocaine in place of the jewelry and that the third party, not the informant, supplied the cocaine.
Next, where the testimony of the defendant is the sole basis for an entrapment defense, entrapment is not established as a matter of law; it is a jury question. United States v. Bower, 575 F.2d 499 (5th Cir.), cert. denied, 439 U.S. 983, 99 S.Ct. 572, 58 L.Ed.2d 654 (1978). While Perez testified that it was the informant's persistent demands that he take the cocaine which induced him to become involved in the drug transaction, there was sufficient evidence to the contrary to take the question to the jury. Flynn v. State, 351 So.2d 377 (Fla. 4th DCA 1977); Richert v. State, 338 So.2d 40 (Fla. 4th DCA 1976), cert. denied, 346 So.2d 1250 (Fla. 1977); United States v. Workopich, 479 F.2d 1142 (5th Cir.1973).
Finally, an essential element of the entrapment defense is the absence of a predisposition to commit the crime. State v. Wheeler, 468 So.2d 978 (Fla. 1985); Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985); State v. Dickinson, 370 So.2d 762 (Fla. 1979). We note that while transacting the deal with police, defendant commented that this was the best cocaine he had ever had; after the sale, he offered to make a second cocaine deal with the detective. The jury could well have considered this proof of the defendant's predisposition to commit the crime. United States v. Grassi, 616 F.2d 1295 (5th Cir.), cert. denied, 449 U.S. 956, 101 S.Ct. 363, 66 L.Ed.2d 220 (1980).
Finding that appellant's remaining points on appeal lack merit, we affirm the judgment of the trial court.