604 So.2d 1248 (1992)
Daniel WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
Nos. 91-2771, 91-2790.
District Court of Appeal of Florida, Fourth District.
September 2, 1992.
Louise A.D. Jones of Daves and Jones, West Palm Beach, for appellant.
*1249 Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is a consolidated appeal from a denial of a 3.850 motion for post conviction relief and a petition for writ of habeas corpus. The underlying issue concerns a per curiam affirmed opinion on this appellant's original appeal from a denial of defense objections to the state's challenging all black venire persons (based on State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988) grounds) and a reversal on a later appeal by a different panel of this court on the co defendant's objections on the exact same grounds (Owen v. State, 575 So.2d 793 (Fla. 4th DCA 1991)).
Thus, we have the anomalous position of defendant "A" getting a new trial from one panel of this court for the very same reason that this defendant was denied relief by a different panel. This court has previously ruled, en banc, that such diametrically opposite results are "manifestly unjust, unfair and confounds our search for uniformity." Bourgault v. State, 515 So.2d 1287 (Fla. 4th DCA 1987). The only other district that has ruled on this subject agreed with this finding. Joseph v. State, 447 So.2d 243 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 888 (Fla. 1984).
Following the procedure approved in Bourgault, we reverse the trial court's denial of appellant's motion for relief under rule 3.850. We further instruct the trial court, upon application by appellant, to vacate his conviction and sentence, and afford him a new trial.
The matter is reversed and remanded for a new trial.
DOWNEY and POLEN, JJ., and FEDER, RICHARD Y., Associate Judge, concur.