610 So.2d 699 (1992)
William BENEDIT, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-1329.
District Court of Appeal of Florida, Third District.
December 22, 1992.
Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
PER CURIAM.
We reverse the trial court's summary denial of the defendant William Benedit's motion to vacate filed pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. Without dispute, the defendant's conviction and sentence for possession of a firearm during the commission of a felony, entered upon an adverse jury verdict, is absolutely barred by the defendant's constitutional right against double jeopardy. Cleveland v. State, 587 So.2d 1145 (Fla. 1991); Galban v. State, 605 So.2d 579 (Fla. 3d DCA 1992); Pearson v. State, 603 So.2d 676 (Fla. 3d DCA 1992); Sessions v. State, 597 So.2d 832 (Fla. 3d DCA 1992); Goodman v. State, 567 So.2d 37 (Fla. 3d DCA 1990); Henderson v. State, 526 So.2d 743 (Fla. 3d DCA 1988). This being so, the defendant was entitled to have this constitutionally barred conviction and sentence set aside under Rule 3.850. See Gandy v. State, 560 So.2d 1363 (Fla. 1st DCA 1990); Pastor v. State, 536 So.2d 356 (Fla. 3d DCA 1988), quashed on other grounds, 556 So.2d 1112 (Fla. 1990); Gonzalez-Osorio v. State, 535 So.2d 644 (Fla. 2d DCA 1988), rev. denied, 544 So.2d 199 (Fla. 1989); Zatler v. State, 475 So.2d 983 (Fla. 3d DCA 1985); see also Finley v. State, 394 So.2d 215 (Fla. 1st DCA 1981). Moreover, we conclude that, under the circumstances of this case, it would be fundamentally unfair to follow a concededly erroneous affirmance of this conviction by this court on a direct appeal from the subject conviction where the same point was raised and incorrectly rejected without discussion, Benedit v. State, 575 So.2d 236 (Fla. 3d DCA), rev. denied, 589 So.2d 289 (Fla. 1991), especially when the law at the time of the direct *700 appeal was less than a model of clarity on this issue. Moreland v. State, 582 So.2d 618 (Fla. 1991); Witt v. State, 387 So.2d 922, 931 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980); Joseph v. State, 447 So.2d 243, 246-47 (Fla. 3d DCA 1983) (en banc), rev. denied, 447 So.2d 888 (Fla. 1983); accord Wright v. State, 604 So.2d 1248 (Fla. 4th DCA 1992); Bourgault v. State, 515 So.2d 1287 (Fla. 4th DCA 1987) (en banc).
The final order under review is reversed, and the cause is remanded to the trial court with directions to vacate the defendant's conviction and sentence for possession of a firearm during the commission of a felony.
Reversed and remanded.