PER CURIAM.
We affirm in part and reverse in part the summary denial of Robert Dale Fisher’s motion for correction of sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Fisher filed two notices of appeal, the first from the initial order denying his motion, case number 99-1066, and the second from the second amended order 'denying his motion, case number 99-3012. The second amended order corrects a date, and does not change the substantive basis for the denial. Both orders address the same motion. Therefore, we have consolidated the two cases.
*1093 We reverse the orders insofar as they deny Fisher’s request for relief related to his sentence for conspiracy to traffic in methaqualone. The enhancement of that offense from a first-degree felony to a life felony violated the prohibition against double jeopardy. Under the circumstances of this case, Fisher must be resen-tenced on the conspiracy conviction without the enhancement. See Hopping v. State, 708 So.2d 263 (Fla.1998).
In addition, the trial court’s retention of jurisdiction over the first third of the sentence on the conspiracy conviction was impermissible, and it must be stricken, because Fisher elected to be sentenced under the guidelines. See Kennedy v. State, 490 So.2d 195 (Fla. 2d DCA 1986) (holding that the trial court may not retain jurisdiction over a sentence when the defendant is sentenced under the guidelines).
Fisher’s other arguments are without merit and we affirm the circuit court’s disposition of them without comment.
Affirmed in part, reversed in part, and remanded for resentencing in accordance with this opinion within thirty days of the date of the mandate issued in this case.
BLUE, A.C.J., and NORTHCUTT and GREEN, JJ., Concur.