DAVIS, Judge.
Albert Brown appeals the summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion. We reverse.
Brown was sentenced for several crimes in 1984. In his motion Brown claimed that the sentencing court’s retention of jurisdiction over the first one-third of one of the sentences is illegal. The trial court denied the motion as successive.
Although our analysis of this case differs from Brown’s analysis, it appears from the record before this court that the sentencing court’s retention of jurisdiction is indeed impermissible. Both Brown and the trial court referred to Brown’s sentencing guidelines scoresheet in prior documents attached to the trial court’s order denying relief. If Brown was sentenced pursuant to the sentencing guidelines, retention of jurisdiction over any portion of his sentence is impermissible. See Fisher v. State, 745 So.2d 1092 (Fla. 2d DCA 1999). Consequently, the trial court must determine whether Brown was sentenced pursuant to the guidelines, and if so, it must strike the retention of jurisdiction from the judgment and sentence.
Reversed and remanded.
FULMER, A.C.J., and COVINGTON, J., Concur.