311 So.2d 179 (1975)
Ernie Lee BELL, Appellant,
v.
STATE of Florida, Appellee.
No. W-263.
District Court of Appeal of Florida, First District.
April 17, 1975.
*180 Wayne E. Ripley, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for appellee.
RAWLS, Chief Judge.
The sole point asserted by appellant in this appeal from a judgment of conviction of the crimes of rape and petty larceny is: "The Court erred in that after giving the so-called Allen charge, following two hours of deliberation by the jury, when a lady member of the jury immediately asked, `Do all six have to agree?', in answering, `Yes, Ma'am' with no further explanation or qualification."
While the jury was involved in their deliberations, at 9:07 p.m. the following transpired:
"THE COURT: Mr. Foreman, have you reached your verdict?
"FOREMAN CARTER: Sir, I'm sorry, but I don't exactly know how to answer the question. The jury cannot agree on the evidence that has been put forth.
"THE COURT: Can I help you in any way? I can't give you any more evidence than what you have.
"FOREMAN CARTER: I'm sorry, but I was picked to represent them and there is 
"THE COURT: Let me give you one other charge, maybe, and when I give you this charge, it might help you a little bit and we will maybe give you another try at it.
"Ladies and gentlemen, it is your duty to agree on a verdict if you can do so without violating conscientiously held convictions that are based on the evidence or lack of evidence. No juror from mere pride of opinion hastily formed or expressed should refuse to agree. Yet, no juror simply for the purpose of terminating the case should acquiesce in a conclusion that is contrary to his own conscientiously held view of the evidence. You should listen to each other's views, talk over your differences of opinion in a spirit of fairness and candor and if possible dissolve your differences and come to a common conclusion so that a verdict may be reached and this case may be disposed of.
"You may retire to your jury room for further deliberations.
"A JUROR: Can I ask a question?
"THE COURT: Yes, ma'am.

*181 "A JUROR: Do all six have to agree?
"THE COURT: Yes, ma'am.
.......
"MR. RIPLEY: Well, the lady propounded the question do we all six have to agree and that's not so. If they want to, they can come back in five minutes and still say they cannot agree.
"THE COURT: I don't think the question was put in that vein, I think the question was do they have to agree on it to reach a verdict is what she was asking."
Within sixteen minutes thereafter the jury returned a verdict of guilty.
In State v. Bryan, 290 So.2d 482 (Fla. 1974), our Supreme Court observed that the use of the "Allen" charge has been implicitly approved in this state in the adoption of Standard Jury Instruction 2.19. So, the giving of the foregoing "Allen" charge in appropriate situations is not reversible error. However, in the instant case it is apparent that at least one juror had a reasonable doubt as to the guilt of appellant. Immediately after the trial court gave the "Allen" charge, the following colloquy transpired:
"A JUROR: Can I ask a question?
"THE COURT: Yes, ma'am.
"A JUROR: Do all six have to agree?
"THE COURT: Yes, ma'am."
The unqualified reply by the court was erroneous in that all jurors DO NOT have to agree. Nothing must be said or done by the trial court to embarrass or coerce an unconvinced juror or jurors to agree with the verdict or the majority simply because he or she is in the minority, Jones v. State, 92 So.2d 261 (Fla. 1957). The statement by the court that all six had to agree, coupled directly with the "Allen" charge, may well have deprived this appellant of a "hung jury". An impediment to the exercise by a juror of a free and independent judgment is inconsistent with the mandate of Article I, Section 16, Constitution of the State of Florida, that the verdict of the jury must be impartial.
The judgment appealed is reversed and remanded for a new trial.
Reversed.
JOHNSON and MILLS, JJ., concur.