PER CURIAM.
Lincoln seeks review of his conviction for the sale of cocaine. He contends the court committed reversible error by failing to conduct a proper inquiry into a discovery violation by the state. He further asserts that certain comments by the trial court deprived him of his right to a fair trial by coercing the jury to return a verdict.
We find Lincoln’s first point to be without merit. Although the court’s inquiry into the state’s breach of the discovery rules was brief, the inquiry was sufficient to allow the court, in its discretion, to determine that no prejudice to Lincoln resulted therefrom. Richardson v. State, 246 So.2d 771 (Fla.1971).
However, we agree with Lincoln’s contention that certain comments by the trial court necessitate a new trial. After the jury had deliberated about an hour, the jury sent a note to the court indicating “We have a three-three deadlock. What is our next step?” After the jury returned to the courtroom, the foreman of the jury explained: “We were hung. We wanted to know what the procedure was”. In response, the court stated:
“Ya’ll haven’t even talked. Ya’ll haven’t been back there any time at all and ya’ll go in and listen to each other and get back in there and arrive at a verdict.”
Defense counsel objected to this charge. After another hour of deliberation, a verdict of guilty was returned.
The court’s statement to the jury to “get back in there and arrive at a verdict” can hardly be characterized as the standard “alien charge” or “dynamite charge”. It was at least subject to being intimidating to the jurors to return a verdict and it may well have deprived Lincoln of his right to a “hung jury”. Bell v. State, 311 So.2d 179 (Fla. 1st DCA 1975). Accordingly, Lincoln’s *118 conviction is reversed and the case is remanded for a new trial.
BOYER, Acting C. J., and SMITH and MILLS, JJ., concur.