DANIEL S. PEARSON, Judge.
After the verdict finding the defendant guilty of second-degree murder was published, a poll of the jury was taken. Following the announcement by one juror that she had not joined in the verdict, the trial court undertook to remedy the situation by re-explaining to the jurors the need for unanimity.
The defendant argues on this appeal that the court’s remarks and instructions, to which he did not object below, collectively constitute fundamental error because they so coerced the unconvinced juror into agreeing with her fellow jurors as to render the ensuing guilty verdict invalid.
The remarks and instructions in question follow:
“THE COURT: All right. Now, ladies and gentlemen, my instructions to you are obviously that whatever verdict you return must be unanimous, in other words, you all must agree on the same verdict. I don't know how you could have possibly misunderstood my telling you that when I told you that on two or more occasions.
“Now, do I understand correctly, Ms. Mullins, that you are the foreman of this jury and that you did not agree to this verdict of murder in the second degree?
“MS. MULLINS: Right.
“THE COURT: All right. Ladies and gentlemen, go back in the jury room and deliberate again. I’m going to send all the verdict forms back in with you again.
“MS. MULLINS: If I can ask a question, what is the procedure of this?
“THE COURT: Ma’am, you have all got to agree on a verdict. If you can’t agree on a verdict, then the Court would eventually have to declare a mistrial and try the case all over again.
“Remember, whatever the verdict is it must be unanimous, everybody must agree to that verdict whatever that verdict may be.
“Mr. [Bailiff], give them the evidence and take them back in the jury room.
“MS. MULLINS: What if it still comes out to the same thing?
“THE COURT: Ma’am, if you cannot arrive at a unanimous verdict, then there has to be a mistrial and we will try the case over again.
“MS. MULLINS: Well, there is going to be a mistrial, then.
“THE COURT: Ma’am, it is not a mistrial because you are all going back in this jury room and rethink your positions and discuss it all over again. Now go back in the jury room. Mr. [Bailiff], take that evidence in and give them back that verdict form because they can either return that verdict again or they can tear it up and return another verdict form.”
Had the trial court’s words conveyed to the jurors that they must arrive at a verdict, we could agree with the defendant that he would have been wrongfully deprived of a right to a deadlocked jury and that fundamental error would have been committed. But unlike Bell v. State, 311 So.2d 179 (Fla. 1st DCA 1975), in which the lower court, without any words of qualification or explanation, informed the jurors that all six had to agree, in the present case it is clear that the trial court’s words, in their entirety, informed the jury that in the event they reached a verdict that verdict must be unanimous, not that they must reach a verdict. Although the trial court’s last words to the jurors might be read to mean that they had but two alternatives — a verdict of guilty or not guilty — these words must be read together with the immediately preceding statements that “[i]f you can’t agree on a verdict, then the Court would eventually have to declare a mistrial and *175 try the case all over again” and “if you cannot arrive at a unanimous verdict, then there has to be a mistrial and we will try the case over again,” which unmistakably made it known that a deadlock was a possibility open to them. And having made that known, the trial court, unlike the trial court in Rodriguez v. State, 462 So.2d 1175 (Fla. 3d DCA), rev. denied, 471 So.2d 44 (Fla. 1985), said nothing to convey to the jurors its personal antipathy to, and the community’s loss from, a case which does not result in a verdict.
Affirmed.