516 So.2d 276 (1987)
Tommy McELRATH, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1421.
District Court of Appeal of Florida, Second District.
October 23, 1987.
As Modified on Denial of Rehearing December 9, 1987.
James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals from his convictions for robbery and two counts of assault, contending that the trial court erred in her remarks made to the deadlocked jury after an Allen[1] instruction had been given. We do not conclude that the remarks were so egregious as to constitute fundamental error. See Warren v. State, 498 So.2d 472, 477 (Fla. 3d DCA 1986).
Following the Allen instruction and before those remarks were made, the jury had retired for only fifteen minutes. The essence of the remarks was encouragement to the jury to listen to the views of each juror concerning the evidence while trying again to reach a verdict. After the remarks were made, the jury retired for another fifty-five minutes before rendering its guilty verdict.
While the observations in those remarks that "[t]here has been a good bit of time and a good bit of money spent presenting this case to you" were not proper, Warren at 476, we conclude that the remarks, taken in their entirety, did not purport to require the jury to reach a verdict. The trial judge had also specifically said, as a part of the Allen charge, "[I]f you simply cannot reach a verdict, then return to the courtroom and I will declare that the case has been mistried, and I will discharge you with my sincere appreciation for your services."
The situation in this case was in contrast to that in Warren in which fundamental error was found to have occurred from repeated attempts having been made by the trial judge to require a verdict. In that case the trial judge's efforts along those lines were characterized as having been made "over and again." Id. at 477. In this case the attempt following the Allen charge was made on only one occasion after which substantial additional deliberation time ensued.
We do not conclude that simply by reading aloud to the jury, prior to the giving of the Allen instruction, the jury's communication that "[t]he jury cannot agree *277 that [defendant] was the person who took the pocketbook. Yes, five; no, one" and asking for an explanation of the communication the trial judge improperly pressured or embarrassed one juror. Compare Lewis v. State, 369 So.2d 667 (Fla. 2d DCA 1979).
Accordingly, we conclude that the situation in this case was more akin to that in Kelley v. State, 486 So.2d 578 (Fla. 1986), in which the trial judge's remarks to a deadlocked jury which constituted a departure from the standard jury instruction were found to have not constituted reversible error. Included among those remarks in that case was the comment that "[i]f you fail to reach a verdict, there is no reason to believe the case can be tried again any better or more exhaustively than it has been." Id. at 584. Here, as in Kelley, "[T]he jury continued to deliberate for a considerable period of time after receiving the instruction... ." Id. at 585.
Affirmed.
SCHOONOVER, A.C.J., and FRANK, J., concur.
NOTES
[1] Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).