603 So.2d 86 (1992)
Joseph DIXON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1289.
District Court of Appeal of Florida, Fifth District.
July 31, 1992.
*87 John J. Bonaccorsy, of Landis, Graham, French, Husfeld, Sherman & Ford, P.A., Deltona, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Judy Taylor Rush and Nancy Ryan, Asst. Attys. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Dixon appeals after being convicted of one count of sexual battery and one count of attempted sexual battery on a child under the age of twelve.[1] He was sentenced to life without parole for twenty-five years and a concurrent sentence of ten years. Although not objected to for the most part, numerous errors were committed by the prosecution during the trial. The evidence offered to prove commission of the crimes was not strong, and the victim's testimony was challenged by disinterested witnesses. On balance, we conclude Dixon did not receive a fair, dispassionate trial to which he is entitled because of those errors, and because the jury was improperly pressured to reach a verdict.
After the jury retired to consider its verdict, it submitted the following question: "The jury cannot come to a unanimous decision, so at this time would it be correct to rule a verdict not guilty?" The jury returned to the courtroom and the judge inquired whether they had reached a verdict. The foreman said no. The judge then read the modified Allen[2] charge appropriate in criminal cases.[3]
The jury retired again. After a short time (five minutes) the jury indicated it could not agree. The judge suggested that he and the trial attorneys should make up their own instruction. He said he thought the Allen charge used in civil cases was "whole lot better" because it is more "like the old dynamite charge used to be." Both attorneys agreed.
Once again the jury returned to the courtroom. The foreman said they were deadlocked. The court then said:
Because of the amount of time that some people have invested in this trial and the amount of expense that this trial has cost, I would like to ask if there is anything concerning the law that I can perhaps straighten out for the jury that would solve this deadlock.
The foreman stated it had nothing to do with the law, the problem was with the facts.
The judge said he was willing to buy the jury supper, let them take a break, if they would come back and try again. The jury went out to decide the supper question and came back. The foreman stated, "We're willing to deliberate and try again, but we would request reinstruction and go ahead and deliberate now instead of taking dinner." The court reinstructed the jury in its entirety without objection. After a short recess, the jury reached its verdicts.
*88 In an appropriate situation, a trial court may give the modified Allen charge to the jury in a criminal case, if it is deadlocked. Warren v. State, 498 So.2d 472 (Fla. 3d DCA 1986), rev. denied, 503 So.2d 328 (Fla. 1987). Reversible error occurs when the court deviates from the standard instruction, or when the court puts too much pressure on the jurors to reach a unanimous verdict. Warren; Rodriguez v. State, 462 So.2d 1175 (Fla. 3d DCA 1985); Nelson v. State, 438 So.2d 1060 (Fla. 4th DCA 1983); Kozakoff v. State, 323 So.2d 28 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 1184 (Fla. 1976); Bell v. State, 311 So.2d 179, 180 (Fla. 1st DCA 1975).
No juror should be pressured to give up his or her convictions for the sake of pleasing the judge or saving the state the time and expense of a new trial. At risk is the defendant's right to a "hung" jury.[4] Under our system of justice each juror must be convinced beyond a reasonable doubt of the defendant's guilt. If all are not, the defendant should not be convicted.
In this case, the standard Allen charge was properly given. But when it failed to produce a verdict, no further pressure should have been put on the jurors. No more Allen charges should have been read to them and clearly, the nonstandard Allen instruction which referenced the amount of time and expense the state had invested in the trial should not have been given. Although an additional Allen instruction and pressure may not in all cases result in fundamental error, we think it did in this case, given the quality of the trial and lack of overwhelming or clear evidence of guilt.
REVERSED and REMANDED for new trial.
PETERSON and DIAMANTIS, JJ., concur.
NOTES
[1] §§ 794.011(2), 777.04(1), Fla. Stat. (1989).
[2] Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).
[3] Florida Standard Jury Instructions in Criminal Cases 3.06 reads:

I know that all of you have worked hard to try to find a verdict in this case. It apparently has been impossible for you so far. Sometimes an early vote before discussion can make it hard to reach an agreement about the case later. The vote, not the discussion, might make it hard to see all sides of the case.
We are all aware that it is legally permissible for a jury to disagree. There are two things a jury can lawfully do: agree on a verdict or disagree on what the facts of the case may truly be.
There is nothing to disagree about on the law. The law is as I told you. If you have any disagreements about the law, I should clear them for you now. That should be my problem, not yours.
If you disagree over what you believe the evidence showed, then only you can resolve that conflict, if it is to be resolved.
I have only one request of you. By law, I cannot demand this of you, but I want you to go back into the jury room. Then, taking turns, tell each of the other jurors about any weakness of your own position. You should not interrupt each other or comment on each other's views until each of you has had a chance to talk. After you have done that, if you simply cannot reach a verdict, then return to the courtroom and I will declare this case mistried, and will discharge you with my sincere appreciation for your services.
You may now retire to continue with your deliberations.
[4] Lewis v. State, 369 So.2d 667 (Fla. 2d DCA 1979); Bell v. State, 311 So.2d 179 (Fla. 1st DCA 1975); Lee v. State, 239 So.2d 136, 138 (Fla. 1st DCA 1970).