McDonald, PARKER LEE, Senior Judge.
In this direct appeal, the only dispositive issue worthy of comment is whether the trial court’s deviation from the standard deadlock charge, Florida Standard Jury Instruction (Criminal) 3.06, amounted to fundamental error requiring reversal of appellant’s conviction. We affirm because we agree with the state that while the deadlock charge given may have been inadequate, it was not so egregious as to amount to fundamental error, requiring reversal in the absence of any challenge below.
At trial, the jury deliberations began at 2:13 p.m., and at some point thereafter, the transcript indicates the following exchange took place:[1]
Judge: You signaled the bailiff that you wish to tell me something?
Foreperson: We cannot come to a firm conclusion — decision on this judge.
Judge: It would appear to me that when you were selected as jurors, you each agreed to perform your part in this trial. I’m now hearing that you have not or cannot or will not do that.
I want you to go back into the jury room. I want you to sit around the table and one at a time I want that person to give their position to the other five without interruption, without argument. I want everyone to have an opportunity to express to the others their reason for whatever their position might be because I believe if you do that, all six of you will come to a decision. So I’m going to ask that you go back in there and do the job that you are required to do. Thank you.
The jury was returned to the deliberation room and the judge then commented to the attorneys that “that’s about as far as I think I’m prepared to go. If it’s not successful, we’ll decide what we do later. But at this point I think we’ll give them some more time.” No objection or request for any corrective or further instruction was made by defense counsel. At some point thereafter,[2] the jury was returned to the courtroom to announce its verdict. The jury found appellant guilty on all three counts of sale or delivery of cocaine, as charged. The judge polled the jury, discharged the jury and set a date for sentencing. The proceedings concluded at 4:26 p.m., or two hours and 13 minutes after the deliberations first began. *190 Appellant was sentenced as a habitual offender to concurrent terms of 20 years’ DOC. The trial court denied the motion for new trial filed by defense counsel, which failed to challenge the deadlock instruction given.
In this direct appeal, appellant argues that the modified Allen[3] charge was fundamental error because it placed undue pressure on the jurors to reach a verdict, thereby depriving appellant of his right to a fair trial under the federal and state constitutions. Appellant points out that the instruction given differed from the Standard Jury Instruction,[4] in that the judge in the instant case failed to inform the jurors it was acceptable for them to disagree and not reach a verdict, at which time a mistrial would be declared. The standard instruction has been modified over the years so as not to mislead jurors on the law, or intimidate them into rendering a verdict.
It is well-settled that absent fundamental error, an objection is required to preserve any challenge to the propriety or coerciveness of a modified deadlock charge. Gahley v. State, 567 So.2d 456 (Fla. 1st DCA 1990); Armstrong v. State, 364 So.2d 1238 (Fla. 1st DCA 1977); Scoggins v. State, 691 So.2d 1185 (Fla. 4th DCA 1997); Dixon v. State, 603 So.2d 86 (Fla. 5th DCA 1992); Webb v. State, 519 So.2d 748 (Fla. 4th DCA 1988); Warren v. State, 498 So.2d 472 (Fla. 3d DCA 1986). Fundamental error is one said to go to the essence or legality of the trial itself, Scoggins, supra; Rodriguez v. State, 462 So.2d 1175 (Fla. 3d DCA 1985), or to the very foundations of the case. Warren, supra. Each challenge to a deadlock charge must be decided on a case-by-ease basis depending upon the totality of the facts and circumstances in the individual case. Id.; Gahley, supra.
The fact that no objection was raised to the instruction can indicate that the potential for coercion did not appear to be so to anyone on the scene. See Lowenfield v. Phelps, 484 U.S. 231, 108 S.Ct. 546, 98 L.Ed.2d 568 (1988). If the judicial comments at issue could be construed as coercive, an objection at trial would alert or put the judge on notice that error may have occurred, and allow the judge an opportunity to correct it on-the-spot or to provide additional instruction which would blunt any improper impact on the jury. Scoggins, 691 So.2d at 1189. For this reason, whether a modified deadlock instruction constitutes fundamental error will depend on the level of egregiousness, Warren, 498 So.2d at 477, and whether a curative instruction would have obliterated the taint. Webb, 519 So.2d at 749; Rodriguez, 462 So.2d at 1177.
We reject appellant’s argument herein that it would have been futile for counsel to object after the judge had given his homemade Allen charge and dismissed the jury, because the damage to a fair trial had been done and such would not unring the bell at that point. The judge could have added some instruction to the effect that the jury was not required to return a verdict, which would have blunted any perception of improper coercion. See, *191 e.g., McElrath v. State, 516 So.2d 276 (Fla. 2d DCA 1987) (improper comments as to time and money expended in trying the case coupled with phrase from standard instruction that “if you simply cannot reach a verdict, then return to the courtroom and I will declare that the case has been mistried, and I will discharge you with my sincere appreciation for your services,” negated any significant egregiousness).
In cases where erroneous instructions have been held to be so egregious as to amount to fundamental error, there were more explicit judicial comments or significant coercive circumstances not present in the instant case, which would have made it futile or ineffectual in those cases, to have added a curative instruction. See, e.g., Dixon, 603 So.2d at 88 (after first deadlock, Allen charge and then second deadlock, judge commented on the amount of time and expense invested in the ease and offered to give jurors a break and buy them dinner if they would come back and try again); Warren 498 So.2d at 473-74 (Allen charge with added comment from judge that she did not want to retry the case, emphasizing the needless costs of such, followed first deadlock; subsequently the jury twice indicated they were hopelessly deadlocked, but the judge declined to accept that result, telling them to “try,” eventually sending them home for an overnight recess to “sleep on it” after nearly eight hours of deliberations and starting the next morning with a comment that she hoped it would be a productive day in which they could resolve their differences and “go get’ em”); Webb, 519 So.2d at 749 (questions from juror as to whether decision must be unanimous or whether alternate juror could be used, to which judge responded, “it must be unanimous” and “all I can tell you is it must be unanimous. It must be six votes and it has to be rendered tonight”); Rodriguez, 462 So.2d at 1175-76 (substantial deviation from standard instruction, where judge stated, “the critical aspect ... is for you people to reach a verdict ... You must bring yourselves together to reach a verdict ... it only amounts to you people melting your minds and personalities into one to reach a verdict ... you have so much invested in this. I have so much invested in this ... I can’t put it in any clearer way, any better way, but I do know that a verdict can be reached ... set aside egos and personalities that are separating and melt them together into one cozy — together unit. I hope I am clear”). When there are a number of various coercive comments as in these eases, it would seem that a curative instruction would have little or no effect.
By comparison, under the circumstances in the instant case, we hold that any error in the charge given was not so egregious that a curative instruction could not have corrected it. See, e.g., U.S. v. Taylor, 513 F.2d 70 (5th Cir.1975) (rejecting argument that it was “plain error” for judge to give modified Allen charge, where counsel had ample opportunity to object to the coercive comment and request a curative instruction).
AFFIRMED.
MICKLE and DAVIS, JJ., concur.

. Neither the transcript nor the clerk’s notes indicate when the jury returned to the courtroom to inform the judge they could not reach a decision.

. Again, neither the transcript nor the clerk's notes indicate when the jury returned to the courtroom to inform the judge they had reached a decision.

. Allen v. U.S., 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

. Fla. Std. Jury Instr., 3.06 JURY DEADLOCK provides:
I know that all of you have worked hard to try to find a verdict in this case. It apparently has been impossible for you so far. Sometimes an early vote before discussion can make it hard to reach an agreement about the case later. The vote, not the discussion, might make it hard to see all sides of the case.
We are all aware that it is legally permissible for a jury to disagree. There are two things a jury can lawfully do: agree on a verdict or disagree on what the facts of the case may truly be.
There is nothing to disagree about on the law. The law is as I told you. If you have any disagreements about the law, I should clear them for you now. That should be my problem, not yours.
If you disagree over what you believe the evidence showed, then only you can resolve that conflict, if it is to be resolved.
I have only one request of you. By law, I cannot demand this of you, but I want you to go back into the jury room. Then, taking turns, tell each of the other jurors about any weakness of your own position. You should not interrupt each other or comment on each other’s views until each of you has had a chance to talk. After you have done that, if you simply cannot reach a verdict, then return to the courtroom and I will declare this case mistried, and will discharge you with my sincere appreciation of your services.
You may now retire to continue with your deliberations.