711 So.2d 1379 (1998)
John YOUNG, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 96-03499.
District Court of Appeal of Florida, Second District.
June 19, 1998.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
In this appeal of his second-degree murder conviction, John Young, Jr., contends the trial court erred when it modified the Allen[1] charge. We agree the modified instruction was improper. Because the State failed to prove the error was harmless beyond a reasonable doubt, we reverse and remand for a new trial.
The jury began its deliberations in this case near 5:00 p.m. on the second day of trial. At or near 9:00 p.m., it informed the court, "As a group we cannot agree on a verdict." The trial judge made the decision to give the jury an Allen charge. See Fla. Std. Jury Instr. (Crim.) 3.06. It is proper for a trial judge in a criminal case to give the standard Allen charge when it appears the jury is deadlocked. The trial judge also decided, however, that he did not want a mistrial that night and would bring the jury back the next morning if it could not reach a verdict. Based on his intent to have the jury return the following morning to complete its deliberations, the trial judge modified the standard instruction, to which defense counsel objected.
The last sentence of Florida Standard Jury Instruction (Criminal) 3.06 reads: "After you have done that, if you simply cannot reach a verdict, then return to the courtroom and I will declare this case mistried, and will discharge you with my sincere appreciation for your services." The trial judge omitted this sentence and, instead, substituted the following: "After you have done that, if you simply cannot reach a verdict, then return to the courtroom and I will discharge you for the evening." The jury then resumed its deliberations and approximately 40 minutes later, returned its verdict.
Because the trial court improperly modified the Allen charge, we reverse. Omitting the last sentence of the standard instruction is error. See McKinney v. State, 640 So.2d 1183 (Fla. 2d DCA 1994). Inclusion of the omitted sentence, on the other hand, compensates for other deviations from the standard instruction. See McElrath v. State, 516 So.2d 276 (Fla. 2d DCA 1987). In giving an Allen charge, a trial court must avoid: "(1) coercive deadlines, (2) threats of marathon deliberations, (3) pressure for the surrender of conscientiously held minority views, and (4) any implication of a false duty to decide." Gahley v. State, 567 So.2d 456, 459 (Fla. 1st DCA 1990) (citations omitted). The trial court's modification of the Allen charge in *1380 this case implied all that should be avoided. Any deviation from the standard charge that makes it appear the jury must reach a verdict constitutes reversible error. See Warren v. State, 498 So.2d 472 (Fla. 3d DCA 1986).
Because this case is to be remanded for a new trial, the sentencing issue raised by Young is moot. We would suggest, in an abundance of caution, that should Young again be convicted and the trial court determines a departure sentence is appropriate, the written reasons for departure should be filed within seven days of sentencing.
Having determined that the trial court erred in deviating from the standard Allen charge, that Young preserved the error by timely objection, and that the State failed to show the error to be harmless, we reverse and remand for a new trial.
FRANK, A.C.J., and LENDERMAN, JOHN C., Associate Judge, concur.
NOTES
[1] Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).