785 So.2d 1269 (2001)
Robert N. ROMA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3102.
District Court of Appeal of Florida, Fifth District.
June 8, 2001.
Elizabeth Siano Harris of Stadler & Harris, P.A., Titusville, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
*1270 SHARP, W., J.
Roma appeals from his judgment and sentence for committing a lewd or lascivious act on a child, in violation of section 800.04(1), Florida Statutes (1995). The sole issue in this case is whether the trial court erred in giving a modified Allen charge.[1] We affirm.
Roma was charged with eight counts of committing a lewd or lascivious act on a child between December 29, 1996 and January 31, 1997. At the time the victim was fifteen years old and Roma was twenty-six. The two met while they were acting at a community playhouse. The victim testified Roma said she was very mature, that he was in love with her, and that they should be engaged. He gave her a ring and other gifts. They met at the movies, the beach, and Roma's apartment. The victim testified they engaged in sexual activities, and that she was a willing partner, deceiving her parents to meet him. No force was used and Roma respected her wishes when she did not want to engage in intercourse.
Roma denied having sex with the victim. He admitted hugging and kissing her, but he claimed the two only had a platonic relationship. The credibility of the two was at issue. Witnesses began testifying at Roma's trial on June 17, 1999 and ended shortly before 4:15 p.m. the following day. Counsel then delivered their closing arguments.
The judge instructed the jury and the jury retired to deliberate. At about 8:40 p.m., the jury asked to see poster boards used by counsel during closing arguments. The judge told Mr. Feldman, the jury foreperson, that the boards were not in evidence and the judge could not send them back to the jurors. The jury continued their deliberations.
At 10:30 p.m., the following exchange took place:
THE COURT: Would you bring the jury back?
All right. The jury is back in the jury box.
Mr. Feldman, without telling me what the vote score might be, are you making progress towards the verdict?
MR. FELDMAN: Your Honor, we are very close to being hung on as a jury. We can agree on certain counts but not all counts.
I don't think we can reach a conclusion on one or two of the counts period.
I think that we are hopelessly deadlocked on a few of the counts.
THE COURT: If you will go back
MR. FELDMAN: Yes, sir.
Could you give me some instructions as to when you want us to stop or continue?
THE COURT: I don't want to give you a deadline. As long as you are making progress and can agree to at least some of the verdicts.
MR. FELDMAN: Could I ask a question?
Can we bring back a verdict on four, five, six of the counts and say we are hung on two or three?
THE COURT: Yes. It's admissible to agree on something.
I don't want to get into a discussion about it. I want you to go back and do what you can do.
Just let us know.
Defense counsel did not object to the judge's comments nor request any instructions to the jury.
The clerk filed the verdicts at 11:00 p.m. The jury found Roma guilty on count one, *1271 not guilty on counts two, three and eight, and deadlocked on the remaining charges. Roma was adjudicated guilty and sentenced to seventy-eight months in prison.
Roma contends that the judge's comments gave the jurors the impression that he wanted a verdict, that the jurors were required to reach a verdict and that they may be required to participate in indefinite or "marathon" deliberations until they reached a verdict. Roma argues that these comments represent a "modified" Allen charge which was coercive and jeopardized his right to a fair trial. Given the late hour, the length of deliberations and the lack of overwhelming evidence, Roma further argues that this modified Allen charge constitutes fundamental error.
An Allen charge[2] is a supplemental instruction generally given when it appears the jury is having difficulty reaching a verdict. Dixon v. State, 603 So.2d 86 (Fla. 5th DCA 1992); Gahley v. State, 567 So.2d 456 (Fla. 1st DCA 1990), rev. denied, 577 So.2d 1326 (Fla.1991). In giving an Allen charge, the trial court must avoid 1) coercive deadlines; 2) threats of marathon deliberations; 3) pressure for the surrender of conscientiously held beliefs; and 4) any implication of a false duty to decide. Thomas v. State, 748 So.2d 970 (Fla.1999); Gahley. A coerced verdict in a criminal case infringes upon two rights guaranteed by the constitution-the right to a fair trial and the right to an impartial jury. Washington v. State, 758 So.2d 1148 (Fla. 4th DCA), rev. denied, Case No. SC00-1318 (Fla. Nov.14, 2000).
Although not required to do so, it is recommended that trial judges give the Allen charge found in the standard jury instructions. See Thomas, 748 So.2d at 978, n. 7. This instruction reads as follows:
JURY DEADLOCK
I know that all of you have worked hard to try to find a verdict in this case. It apparently has been impossible for you so far. Sometimes an early vote before discussion can make it hard to reach an agreement about the case later. The vote, not the discussion, might make it hard to see all sides of the case.
We are all aware that it is legally permissible for a jury to disagree. There are two things a jury can lawfully do: agree on a verdict or disagree on what the facts of the case may truly be.
There is nothing to disagree about on the law. The law is as I told you. If you have any disagreements about the law, I should clear them for you now. That should be my problem, not yours.
If you disagree over what you believe the evidence showed, then only you can resolve that conflict, if it is to be resolved.
I have only one request of you. By law, I cannot demand this of you, but I want you to go back into the jury room. Then, taking turns, tell each of the other jurors about any weakness of your own position. You should not interrupt each other or comment on each other's views until each of you has had a chance to talk. After you have done that, if you simply cannot reach a verdict, then return to the courtroom and I will declare this case mistried, and will discharge you with my sincere appreciation for your services.
You may now retire to continue with your deliberations.
Fla. Std. Jury Instr.(Crim.) 3.06.
While providing for continued deliberations, this instruction cautions jurors not *1272 to abandon their views to obtain a verdict or to accommodate the majority. The instruction balances the court's obligation to move the case along to its final resolution with the defendant's right to have a verdict free of coercion. Washington.
Here the trial judge did not give the standard deadlock instruction after the foreperson indicated that the jury was having difficulty reaching a verdict. However, the judge did discuss the matter and directed the foreperson to continue deliberations. Thus arguably the judge gave a "modified" Allen charge. See Thomas (court's repeated statements to continue deliberations constituted a modified Allen instruction); Cambareri v. State, 746 So.2d 1215 (Fla. 5th DCA 1999) (judge's statement that he would permit deadlocked jury thirty minutes to continue deliberations constituted a modified Allen charge). The standard of review in such cases is whether, under the totality of the circumstances, the judge's actions were coercive. Thomas; Washington.
In Holmes v. State, 710 So.2d 188 (Fla. 1st DCA 1998), the first district noted that the lack of an objection can indicate that the potential for coercion did not appear to anyone at the trial. Here, defense counsel did not object to the judge's comments. Nor did counsel request the standard deadlock instruction or any other instruction.
As Holmes points out, erroneous instructions which have been held to constitute fundamental error involve explicit judicial comments or significant coercive circumstances which could not have been cured by other instructions. For example, in Cambareri, the defendant was indicted for first degree murder. After the jury deadlocked seven to five, the judge indicated that he would permit the jury thirty minutes to consider the issue further. At the end of thirty minutes, the jury asked whether the defendant could be guilty of manslaughter if he failed to render assistance to the victim even though he did not shoot the victim. The judge merely referred the jury to the manslaughter instruction. The jury then found the defendant guilty of manslaughter.
On appeal, this court concluded that the judge's modified Allen charge constituted fundamental error:
We agree with defense that the charge given in this case was deficient in several respects which together constitute fundamental error requiring a reversal. First, the instruction gave the jury an initial time limit of thirty minutes. See Gahley v. State, 567 So.2d 456, 459 (Fla. 1st DCA 1990) (holding when giving an Allen charge, the trial court must avoid coercive deadlines). Second, the trial court told the jury that the law was clear and not subject to argument or discussion. It should have advised the jury that if it had any disagreement about the law, the court would clear the law for the jury. Third, the court advised the jury that the judge would wait in the courtroom for its decision. This again gave immediacy to the jury's deliberation. Finally, the court pointed out the amount of time already spent by the court on the matter and stated `we need to make sure that there is no way to reconcile the differences and reach a unanimous decision, which is required.' See Bell v. State, 311 So.2d 179, 180 (Fla. 1st DCA 1975) (holding when a juror asks, `Do all six have to agree?' and the court replies, `Yes, Ma`am,' the jury may construe this as meaning a verdict must be reached).
Because of the strong possibility that the modified Allen charge given in this case may well have caused the jury to compromise on a lesser verdict based on *1273 an invalid construction of the lawthat Cambareri could be guilty of manslaughter for not rendering assistance to the victim shot by anotherwe reverse for a new trial.
746 So.2d at 1216.
In contrast, here the trial judge specifically stated that he did not want to give the jury a deadline. The judge also did not want to know the vote score. The foreperson did not indicate any concern about the law and there was nothing for the judge to clarify. The foreperson did ask whether the jury could agree on some counts but not other counts and the judge responded that was acceptable. In these circumstances, the judge's brief comments and request for the jury to continue deliberations does not constitute fundamental error. See Holmes (judge's comments that deadlocked jurors were not doing their part in the trial and that he wanted them to go back and take turns discussing their positions in the belief that they will come to a decision and his order that the jurors "go back in there and do the job that you are required to do" did not constitute fundamental error).
AFFIRMED.
PLEUS and PALMER, JJ., concur.
NOTES
[1] Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).
[2] So named based on the United States Supreme Court case which discussed the concerns about interfering with a jury's deliberations and decision.