832 So.2d 239 (2002)
Shederian DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-931.
District Court of Appeal of Florida, Fifth District.
December 6, 2002.
James B. Gibson, Public Defender, and Jane C. Almy-Loewinger, Assistant Public Defender, Daytona Beach, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Patrick W. Krechowski, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
The issue in this appeal is whether the appellant, Shederian Davis, was denied a fair trial because the jury was not given an Allen charge[1] after indicating it was deadlocked. We find that the modified instruction that the trial court chose to give, without objection by Davis, did not constitute fundamental error and therefore affirm.
Davis was pulled over for speeding. A warrants check revealed an outstanding warrant for his arrest for aggravated battery on a pregnant woman. Davis attempted to flee when the officers indicated that they were placing him under arrest. A short struggle ensued in which Davis *240 kicked one of the two officers twice in the right leg. Davis was charged with resisting an officer with violence and battery on a law enforcement officer.
The matter went to trial on October 4, 2001, and the jury had the case by early that afternoon. At 5 p.m., the jury sent its fourth note to the judge which read: "We have a hung jury." The court observed to counsel that the jury had not been out very long and that it was concerned that members of the jury may have gotten confused as to whether they had to agree on both counts in order to avoid being deadlocked. The judge then explained that he proposed giving an instruction explaining that they need not agree on both counts and encouraging them to "go back and talk about it a little bit more." Neither counsel objected and the court then instructed the jury as follows:
THE COURT: We got your note and we don't know what it means so I want to make sure you understand that I'm going to send you back to talk about it a little bit more. If you're unable to agree on a verdict on one of the counts, but you are able to agree on a verdict on the other count, then lawfully what you can do, what you should do is return a verdict on a count that you can agree on and then tell us that you can't agree on the other count. Because your note is not clear on that and I'm not sure whether you understand that or not.
So, if you, if there's a verdict, even if you can't return a verdict on everything at this point which you can return a verdict on part of it, then we want you to do that if you're in agreement. So I'm going to send you back out to talk about that then we're going to talk about whether or not to give you further instructions of this issue.
You all have been deliberating about two and a half hours, we know you've been working hard and trying, but we really would like to see you try a little bit harder. We do need the answer as to what your note really means. If you'll go back with Kim that will give us a chance to talk about it.
(Whereupon, the jurors were escorted from the courtroom.)
THE COURT: Okay. Let's talk about instruction 3.06.
Instruction 3.06 is Florida's codified version of the Allen charge. The judge thus appears to have been prepared to read the Allen charge if the jury again came back deadlocked and the attorneys for both sides agreed to it. There was no need to give the charge, however, because the jury soon thereafter returned a verdict of guilty on the resisting with violence charge and a verdict of not guilty on the battery charge. In the time between the jury announcing its deadlocked status and its re-convening, Davis asked for a mistrial based on the deadlocked status of the jury. This motion was denied. At no time, however, did Davis request an Allen charge.
Failure to give an Allen charge or deviating from the standard instruction can constitute fundamental error under certain circumstances. Cambareri v. State, 746 So.2d 1215 (Fla. 5th DCA 1999). In Roma v. State, 785 So.2d 1269 (Fla. 5th DCA 2001), this court rejected the argument that a modified Allen charge constituted fundamental error. Every Allen charge issue is to be decided under the particular facts and circumstances of each case. Thomas v. State, 748 So.2d 970 (Fla. 1999). The standard of review is whether, under the totality of the circumstances, the instructions given by the judge were unduly coercive. Thomas; Roma. A trial court should not give an instruction in such a way as to "coerce any juror to reach a hasty decision or to abandon a conscientious belief in order to achieve a unanimous *241 position." Thomas v. State, 748 So.2d at 976. In giving an Allen instruction, a trial court must avoid (1) coercive deadlines; (2) threats of marathon deliberations; (3) pressure for the surrender of conscientiously-held beliefs; and (4) any implication of a false duty to decide. Roma v. State, 785 So.2d at 1271.
In Holmes v. State, 710 So.2d 188 (Fla. 1st DCA 1998), the trial court did not give an Allen instruction when a jury came back after two hours and 13 minutes of deliberation. The judge instead urged the jurors to listen to each person without interruption and let everyone express their opinion. He then added, "I believe if you do that, all six of you will come to a decision. So I'm going to ask that you go back in there and do the job that you are required to do." Holmes, 710 So.2d at 189. The appellate court cautioned that the instructions would have been better if something had been added that the jury was not required to return a verdict. It, nonetheless, found the instructions not to be so egregious as to amount to fundamental error. The court distinguished other cases in which fundamental error had been found, noting that they involved "more explicit judicial comments or significant coercive circumstances not present in the instant case, which would have made it futile or ineffectual in those cases, to have added a curative instruction." Id. at 191.
In this case, the instruction was not so coercive as to constitute fundamental error. The jury was not told they had to reach a verdict on one of the counts, only that they should reach a verdict at least as to one of the two counts if they are "able." It is fair to assume that the jury understood that the judge wanted them to know, without improperly interfering with their jury deliberations,[2] that they were not in a completely deadlocked position if they were able to agree on one of the two counts.
As in Holmes, the instruction might have been better if it had been more in the spirit of Allen by making some statement to the effect of: "If you cannot reach a verdict as to either count, the case will be dismissed." The jury was not, however, coerced into making a decision based on the time and expense of the trial or otherwise told that they had to reach a decision within a certain period of time. The jury was simply told it could, and if it could it should, make a decision as to one count even if it could not make a decision as to the other count. The non-coercive tenor of the trial court's instruction in the instant case was further evidenced by the fact that no objection to the instruction was made. See Holmes v. State, 710 So.2d 188, 190, holding that "[t]he fact that no objection was raised to the instruction can indicate that the potential for coercion did not appear to be so to anyone on the scene."
Under the totality of the circumstances of this case, the trial court's actions were not coercive. The trial court did not impose a deadline on the jury or otherwise pressure the jury to reach a decision; it simply explained to the jury that the jury permissibly may reach a verdict as to one count and not as to the other. Because the jury's verdict was not coerced or otherwise tainted by the judge's instruction, Davis' conviction and sentence are affirmed.
AFFIRMED.
PETERSON and PALMER, JJ., concur.
NOTES
[1] The Allen [v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896)] charge is codified in Florida as Fla. Std. Jury Instr. (Crim.) 3.06.
[2] See Scoggins v. State, 726 So.2d 762, 765-66, (Fla.1999) (noting a judge's limitations in making inquiries regarding a jury's deliberations).