859 So.2d 531 (2003)
Tracy McCULLOCH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1570.
District Court of Appeal of Florida, Fourth District.
October 15, 2003.
*532 Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Sr. Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted for computer pornography and child exploitation under section 847.0135(3), Florida Statutes (2001). He argues that double jeopardy barred a second trial because the trial court erred in granting a mistrial as a result of a hung jury in his first trial. We affirm.
In the first trial, during deliberations, the jury sent the court a note stating that it was hung and asked "how do you determine intent?" After discussion with counsel, the court decided to give no further instructions, and the jury resumed deliberations. Later the jury sent another question inquiring as to whether sending explicit sexual material over the internet would be considered simulated sexual intercourse. The court responded in the negative. After deliberating further, the jury sent another note advising that it was deadlocked. The court then granted a mistrial.
Appellant argues that the court erred in granting the mistrial, relying on the principles explained in C.A.K. v. State, 661 So.2d 365, 367 (Fla. 2d DCA 1995):
The double jeopardy provision of the Florida Constitution requires a trial judge to consider and reject all possible alternatives before declaring a mistrial over the objection of a defendant.... [A] defendant's silence or his failure to object or protest against an illegal discharge of the jury before a verdict does not constitute a consent and is not a waiver of the constitutional prohibition against a subsequent trial for the same offense if the jury has been improperly discharged.
Wilson v. State, 693 So.2d 616, 618 (Fla. 2d DCA 1997).
Double jeopardy does not bar a second prosecution where a mistrial has been declared because of manifest necessity. Cohens v. Elwell, 600 So.2d 1224, 1225 (Fla. 1st DCA 1992), citing United States v. Perez, 9 Wheat. 579, 22 U.S. 579, 6 L.Ed. 165 (1824). Where a jury is deadlocked, great deference is given to the trial court's discretionary determination that a mistrial is necessary. Cohens, citing Arizona v. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978).
In arguing that the trial court abused its discretion, appellant mentions that the trial court did not give an Allen charge, but does not specifically argue that the failure to give an Allen charge was *533 error.[1] An Allen charge, although recommended, is not required before a trial court grants a mistrial because of a hung jury. Thomas v. State, 748 So.2d 970, 977 n. 7 (Fla.1999).
Appellant neither requested an Allen charge nor objected when the trial court concluded that the jury would be unable to reach a verdict. The failure to do so does not necessarily preclude appellant from raising the issue of double jeopardy on appeal, but we mention it because the deference accorded the trial court's discretion on this specific issue is rarely, if ever, found to have been abused. Because we know that a hung jury is not necessarily a bad thing for a defendant in a criminal case, a defendant who urges the trial court to let the jury deliberate further will have a more credible appellate argument on double jeopardy than the defendant who acquiesces.
In the present case we find no abuse of discretion and would have reached the same result even if appellant had objected. We have considered the other issues raised by appellant and find them to be without merit.
Affirmed.
POLEN and STEVENSON, JJ., concur.
NOTES
[1] Under Allen v. U.S., 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896) the trial court essentially tells the jury that they should listen to each other's positions and if they can come to a decision they should, but if they can't it is permissible for them to be deadlocked. The Allen charge is codified in Fla. Std. Jury Instr. (Crim.) 3.06. Davis v. State, 832 So.2d 239 (Fla. 5th DCA 2002).